**HARRELL et al. v. CITY OF DENTON et al.**

No. 13720.

Court of Civil Appeals of Texas. Fort Worth.

March 11, 1938.

Rehearing Denied April 29, 1938.

R. B. Gambill, of Denton, for appellants.

E. I. Key, of Denton, for appellees.

SPEER, Justice.

This appeal is from a judgment of the county court of Denton county sustaining a plea in abatement to its jurisdiction in a condemnation proceeding. The cause was set for submission in this court on March 4, 1938, and on February 23, 1938, appellee filed a motion to dismiss the appeal, alleging, as grounds therefor: (a) That appellants had filed no briefs in the case; and (b) the award of the commissioners in condemnation had been paid to and accepted by appellants, and the matters in issue were now moot.

This court heard oral argument by counsel for all parties on appellee's motion to dismiss the appeal, after which the cause was submitted on the record. We find it is true, as set out in the motion, that no briefs have been filed or tendered for filing, nor has there been any attempt to excuse such failure to file. On the date of submission, with permission of the court, appellant filed a written statement in which a suggestion is made that there is fundamental error apparent on the face of the record.

The motion to dismiss the appeal will be sustained, but we are not doing so without first determining that there is no fundamental error apparent from the transcript before us.

The City of Denton, a municipal corporation, to which we shall refer as appellee, sought to condemn for street widening purposes a strip of land off the end of a lot or tract in said city belonging to C. F. Harrell, P. T. Harrell, J. W. Harrell, O. A. Harrell, Mrs. S. A. Barron, Mrs. Frank Hightower, Barbara Jo Smith, Mrs. Maude Harrell, and Mrs. Josephine Crubaugh, to whom for convenience we shall refer as appellants.

The record shows appointment by the county judge of commissioners, and after notice, as required by law, to the owners, a hearing was had on June 9, 1936, at which meeting four of the owners appeared; on June 20, 1936, the special commissioners made their report in writing to the county judge of Denton county, in which award damages were computed and the interests therein apportioned to the owners according to their respective interests. On July 8, 1936, there having been no objections filed to the award, the county judge had it entered in the minutes of the court. The findings, awards, and orders are all set out in the record and seem to comply with the provisions of articles 3264 et seq., Rev.Civ.Statutes, as amended, Vernon's Ann.Civ.St. arts. 3264 et seq.

On December 1, 1936, all except two of the owners of the real estate, and in whose favor the award was made for damages, filed a suit in the county court of Denton county against the City of Denton, apparently to set aside the award of the special commissioners theretofore entered. The petition sets out the various proceedings had, as hereinabove stated by us. They alleged the award was void for the reason a fraud had been perpetrated upon them in the entry of the award by the commissioners, in that, when they met the commissioners at the hearing, they were led to believe that the city might change its mind about wanting the property, and that they afterwards dismissed the matter from their own minds, and therefore did not know that any award had ever been made, until just prior to the time suit was filed; that it was then too late to appeal from the award.

The city filed a plea in abatement to the jurisdiction of the court to hear the petition, alleging it showed no cause of action of which the court had jurisdiction, and specially pleaded the several acts of the commissioners and the entry by the county judge of the award.

Upon a hearing, the trial court sustained the plea in abatement to its jurisdiction, and entered judgment to that effect, and it is from that judgment this appeal has been perfected.

By article 1846, Vernon's Texas Ann. Civ.St., it is provided that parties to appeals may appear by filing written briefs, under the conditions and restrictions of that chapter, and when such briefs are filed the cause shall not be dismissed for want of further prosecution.

By rule 38 for Courts of Civil Appeals it is provided that upon failure of appellant to file briefs of the character and at the times provided by law, unless good cause is shown for the failure, the court may of its own motion dismiss the appeal.

The reading of the many cases in which the above statute and rule have been construed would indicate that our courts are not in complete harmony on the point. Those holding that the appeal will be dismissed, without referring to whether or not there is fundamental error, apparent of record, many of which discuss what constitutes the record, are cited in 3 Tex. Jur. pages 815 to 819, §§ 574 to 576. While upon the other hand, in the same text, at page 937, § 656, many cases are cited which hold that the appellate court will not dismiss the appeal for failure to file briefs without examining the record, which consists of the transcript of the pleadings and judgment, to ascertain if there is fundamental error presented; and if such error is thus found, it will be considered and acted upon. In some of the decisions found cited there, such expressions are used as that the court may search the record for fundamental error, indicating that it is within the court's discretion to do so. Others hold that where there is a suggestion by appellant that there is fundamental error presented by the record, it is sufficient to require the investigation by the reviewing court.

As above indicated, appellant has filed here such a suggestion, and whether it is our imperative duty or whether we have that discretion, we have carefully read and considered the transcript, it being all the record filed, and find no error presented. It is contended by appellants, in their suggestion of fundamental error, that their petition in the suit below shows the judgment or award of the commissioners was entered in a way as to constitute a fraud upon them, because, when appellants appeared at the hearing, the commissioners told them the highway may be routed some other way, and that the appellee might not want the land even after it was condemned and damages assessed; that the appellants dismissed the matter from their minds and never knew an award was entered. After notice and appearance at the hearing, it was the duty of appellants to take cognizance of the subsequent acts of the special commissioners. They are chargeable with notice that it was the duty of that body to make an award and return it to the county judge, as provided by law, and that unless a protest was made within ten days thereafter, the judge would cause it to be entered in the minutes of the court.

Smith v. Ferrell, Tex.Com.App., 44 S.W. 2d 962.

Appellants' remedy as against the award was to appeal to the county court; their excuse for not having done so is because they claim they never knew an award was ever entered until just prior to the time they filed the suit to set it aside. If they had exercised reasonable diligence to ascertain the outcome of the proceedings, they would have known of the award; their protest filed within ten days thereafter would have constituted their pleadings on appeal to the county court; absent such a protest, the county judge was legally bound to perform the ministerial function of entering the award in the minutes. Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104.

The statement alleged by appellants to have been made by the commissioners to the effect that the city may decide not to take the land after the award is made and damages assessed, to our minds does not present a fraud in any respect. Such a statement, if made, was a correct expression of the law; that is, if after the damages are assessed the city should decide it did not want to take the property, it would have the right to decline it. Leonard v. Small, Tex.Civ. App., 28 S.W.2d 826, writ refused.

To give appellants' petition a liberal interpretation, and to indulge every reasonable presumption in its favor, except as to the conclusions therein contained, we think it shows no cause of action of which the court had jurisdiction. The pleading admitted the several orders and awards by the commissioners, and the contents of each appear in the transcript. Under such conditions the truth of the conclusions pleaded as to fraud shown by the orders will not be conceded. 33 Tex.Jur. p. 557, § 122.

The motion of appellee to dismiss the appeal shows that on November 14, 1936, which was prior to the institution of this suit, the appellee issued and mailed to the correct post office address of each of the appellants a warrant for the proportionate amount of the award, and that all except C. F. Harrell had accepted and cashed the warrants; that C. F. Harrell was still holding said warrant, or at least he had not presented it for payment, and that more than a year had elapsed since he received it, and because he had not

returned it or rejected it within a reasonable time, he in law had accepted payment; that the appellants having accepted the award, the question has now become moot. Appellants have not denied or in any way replied to this motion in writing nor in the oral presentation by the parties before the court. Appellee's contentions are sustained by the holding in the case of Hopkins v. City of Dallas, Tex.Civ.App., 106 S.W.2d 783, writ refused.

We have given appellants the benefit of any possible doubt as to our duty with reference to searching the record for fundamental error, and have carefully studied the nature of their petition, in which all actions of the board of commissioners are recited; neither the pleadings nor the facts alleged by the respective parties indicate that any legal fraud has been perpetrated on appellants by the manner in which the award was made, nor by its entry by the county judge in the minutes of the court; nor does it appear that they were prevented from knowing that the award was made and entered, and thereby deprived of their right of appeal. The appeal is therefore dismissed.