**BOARD OF REGENTS OF STATE TEACHERS COLLEGE v. KELLEY et ux.**

**No. 9696.**

Court of Civil Appeals of Texas. Austin.

Feb. 11, 1948.

Price Daniel, Atty. Gen. of Texas, and Robert W. Spence, Asst. Atty. Gen., of Texas, for appellant.

Fred L. Blundell, of Lockhart, and Tom G. Oliver, Jr., of San Marcos, for appellees.

HUGHES, Justice.

This is a condemnation suit instituted by the Board of Regents of the State Teachers College of Texas, appellant, for the purpose of acquiring certain property owned by appellees, Charles Kelley and wife, on behalf of the Southwest Texas State Teachers College at San Marcos.

Statutory commissioners were appointed by the county court and in due course they found the value of the property to be $7,500, and made their award accordingly.

Appellant was not satisfied with this award; filed objections thereto, and the matter came on for trial before a jury. The jury, by its verdict, found the value of the property to be $9,750. Upon the return of this verdict, appellant filed a motion requesting the court to discontinue and dismiss "these condemnation proceedings." Appellees filed motion for judgment upon the verdict. Thereafter, the trial court overruled appellant's motion to dismiss, and granted appellees' motion for judgment upon the jury verdict.

These rulings are assigned as error.

The record shows that actual physical possession of the premises has remained with appellees.

█ In our opinion, the right of appellant to dismiss its suit, under these facts, is authoritatively sustained by the case of Leonard v. Small, Tex.Civ.App., 28 S.W. 2d 826, in which the Supreme Court refused a writ of error. In that case the City of Fort Worth sued to condemn certain property for park purposes. Following a jury trial and verdict, the city filed a motion for new trial, in which it alleged, among other grounds, that the verdict of the jury was excessive. Before this motion was acted upon, the city filed its motion to abandon the condemnation proceedings, which motion was granted. Upon appeal the judgment of the trial court was affirmed, the court in its opinion citing and quoting from many authorities upon the subject, to which opinion reference is here made.

█ If the question were one of first impression we would have considerable difficulty in holding that appellant could take a non-suit after verdict, in view of Sec. 6, art. 3266, Vernon's Ann.Civ.St. of our statutes on Eminent Domain, which provides that if either party is dissatisfied with the decision of the Commissioners it may timely file objections, and upon notice to the adverse party "the cause shall be tried and determined as in other civil causes in the county court"; and Rule 164, Texas Rules of Civil Procedure, for county and district courts, which provides that "At any time before the jury has retired, the plaintiff may take a nonsuit * * *."

Leonard v. Small, supra, was decided before the adoption of the present Rules of Civil Procedure, but art. 2182, R.C.S. 1925, in force at the time of such decisions, was in the same language as present Rule 164, R.C.P., and the decisions construing such Article control the interpretation of such rule. Texas Employers' Insurance Association v. Lightfoot, 139 Texas 304, 162 S.W.2d 929.

On motion for rehearing in Leonard v. Small the court discussed the two statutes, statute and present rule, under consideration, and for reasons satisfactory to itself and of ultimate apparent satisfaction to the Supreme Court, held they did not prevent a non-suit in a condemnation proceeding after the verdict of the jury and before the rendition of judgment.

The decision in Leonard v. Small was followed by the same Court of Civil Appeals in Harrell v. City of Denton, 116 S. W.2d 423, no writ applied for.

In Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842, 845, the Leonard v. Small case was cited after the court made this statement: "We do not discuss the authorities relating to the right to abandon a condemnation proceeding, that is, to abandon the project or the purpose of taking the property, for here there is no intention to abandon the proceeding in that sense. The purpose is to dismiss the first suit and to take the same property and other property in a second proceeding. It may be observed, however, that the right to abandon the project or to abandon the purpose of taking the property may be lost by taking possession of the property."

In Brazos River Conservation & Reclamation District v. Harmon, 178 S.W. 2d 281, 286, Writ Refused W.O.M., the Eastland Court of Civil Appeals said, "* * * it must be borne in mind that the condemnor has the right to abandon such proceedings before judgment and before the right to condemn has vested," citing Leonard v. Small.

The history of Leonard v. Small has convinced us that the Supreme Court is in accordance with the decision there made, and so believing our duty is plain.

The judgment of the trial court is reversed and judgment is here rendered sustaining appellant's motion to dismiss and dismissing the condemnation proceedings.

Reversed and rendered.