W. R. ROOK et ux., Appellants,

v.

McCULLOCH COUNTY et al., Appellees.

No. 10710.

Court of Civil Appeals of Texas.

Austin.

July 1, 1959.

Newman & McCollum, Brady, for appellants.

Davee & Davee, Brady, for appellees.

GRAY, Justice.

This appeal is from an order denying appellants a temporary injunction.

On November 7, 1958, appellee, acting for the State under Art. 6674n, Vernon's Ann.Civ.St., filed a statement for condemnation of a strip ten feet wide off of the west side of appellants' land for the purpose of widening Highway 87 in McCulloch County. Commissioners were appointed and an award of damages was made. Thereafter appellee filed objections to the award. Appellants filed their notice of acceptance of the award and also filed a cross action. The proceeding was docketed as Cause No. 1437. The cause has not been tried, appellee has not taken possession of the land and no deposit of damages has been made.

On January 29, 1959 appellee filed a statement for condemnation of a strip seven feet wide off of the west side of appellants' land. This seven-foot strip is a part of the ten-foot strip sought to be condemned in Cause 1437 supra and its condemnation was for the same purpose—widening Highway 87. On March 19, 1959 Commissioners were appointed. This proceeding was docketed as Cause No. 1443.

Appellants filed this suit praying that appellee be restrained from prosecuting Cause 1443 until Cause 1437 is finally determined. Their prayer for injunction was denied March 31, 1959 and appellants have appealed.

The record was filed in this Court April 18, 1959 and appellants filed their briefs April 23. Appellee filed its briefs May 16 and therein says that this cause has become moot because on April 30, 1959 appellees filed their motion in Cause No. 1437 praying that the cause be dismissed, that the motion was granted and the cause was dismissed May 9. Certified copies of the judgment are attached to the briefs. It recites thàt the defendants (appellants here) excepted and gave notice of appeal. It makes no disposition of the cross action and is not a final judgment. 3–A Tex.Jur. Sec. 94. No appeal· or attempt to appeal from that judgment has been filed in this Court.

The above judgment dismissed Cause No. 1437 and here appellants pray that appellee be restrained from prosecuting Cause No. 1443 until Cause No. 1437 has been finally determined.

■ As noted supra the condemnor has not taken possession of the land which is the subject matter of Cause No. 1437 and has not made a deposit of the amount of the award of the Commissioners for which reasons appellants' rights as the owners of the land have not been prejudiced

"A condemnor has the right to correct its errors, to dismiss its proceeding for condemnation, to abandon the purpose of taking the land, but it may not exercise any of these rights to the prejudice of the land owner." Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W. 2d 842, 844.

In the above cause it was held that the appellee was entitled to injunctive relief restraining appellant from prosecuting a second condemnation proceeding filed by appellant and then pending before the Commissioners. Appellant has filed a prior condemnation proceeding to condemn the land, or a part of the land, which was the subject of the second proceeding. It˙ had filed objections to the award of the Commissioners, it had made a deposit of the damages and had taken possession of the land. It sought to dismiss the first proceeding and to withdraw its deposit. The court said:

"It is apparent from the record that the purpose of the District, in filing its motion to dismiss the first suit and seeking to withdraw the deposit which it made therein and in instituting the second proceeding for condemnation of the same land as that involved in the first suit, together with a greater interest in that land and together with additional land, was to rid itself of the first suit, and of the obligations that might arise therefrom and to prosecute a new proceeding as if the first suit had never been filed."

The court granted appellees relief by restraining the prosecution of the second suit until final disposition of the first suit. The court recognized but did not discuss authorities relative to the right of a condemnor to abandon a condemnation proceeding.

■ Under the facts before us in this case appellants were properly denied injunctive relief because the two suits were pending in the same court and appellees had a right to elect which suit they would prosecute. 1 Tex.Jur.2d, Abatement and Revival, Sec. 22, p. 44. The injunction if granted would have prevented this right of election and would have prevented appellees from abandoning Cause No. 1437, a right they had prior to the vesting of any rights. Brazos River Conservation & Reclamation Dist. v. Allen, supra. Brazos River Conservation & Reclamation Dist. v. Harmon, Tex.Civ.App., 178 S.W.2d 281. Er. ref., w. o. m. Board of Regents of

State Teachers College **v.** Kelley, Tex.Civ. App., 208 S.W.2d 565.

It is our opinion that the injunction was properly denied and the judgment of the trial court is affirmed.

Affirmed.