Finding no reversible error, the judgment of the trial court is affirmed.

**HOUSTON PIPE LINE COMPANY,**
Appellant,

v.

**Dixie BROWN et al., Appellees.**

No. 13990.

Court of Civil Appeals of Texas.
Houston.

Oct. 25, 1962.

Rehearing Denied Nov. 15, 1962.

Fulbright, Crooker, Freeman, Bates & Jaworski, M. W. Parse, Jr., Houston, for appellant.

Wiley Thomas, Angleton, for appellees.

WERLEIN, Justice.

This suit was brought by appellee, Dixie Brown, owner of an undivided ¾ths interest in Tract 231 of Subdivision No. 13 of Brazos Coast Investment Company's Subdivision out of the A. Calvit Survey, Abstract 49, in Brazoria County, Texas, against the Houston Pipe Line Company for a mandatory injunction requiring appellant to remove its high pressure gas pipeline from said premises, and, in the alternative, for damages and exemplary damages. Appellee, V. T. Norton, owner of an undivided ¼th interest in said tract, intervened and in effect adopted the pleading of appellee Brown. Appellant pleaded the ten year statute of limitation, and, in the alternative, filed a cross-action in condemnation under Article 3269, Vernon's Annotated Texas Statutes. The trial court instructed a verdict against appellant on its defense of

limitations, and rendered judgment, on the jury verdict, in the sum of $20,000.00 for the .29 acre strip in the right of way, and damages to the remaining 3.27 acres in the tract.

In its first Point appellant complains that the court erred in overruling its motion to dismiss the condemnation proceeding after the jury returned its verdict, contending that it had the legal right to dismiss or abandon its proceeding in condemnation at any time before judgment was entered and possession taken under and by virtue of the condemnation proceedings. Appellant's motion to dismiss the condemnation proceeding was filed on July 14, 1961. Judgment was not entered until November 7, 1961. Possession of the right of way was not taken under or by virtue of the condemnation proceedings, since appellant, being unable to find the owners of the property in question, had gained possession through a trespass some eleven years prior to the filing of the instant suit.

■ Ordinarily a condemnor may dismiss its condemnation action at any time before judgment is entered and possession is taken under and by virtue of the condemnation proceedings. Lower Nueces River Water Supply District v. Cartwright, Tex.Sup.1959, 328 S.W.2d 752; Thompson v. Janes, Tex.Sup.1952, 251 S.W.2d 953; Texas Power & Light Co. v. Cole, 1958, 158 Tex. 495, 313 S.W.2d 524; Brazos River Conservation & Reclamation Dist. v. Allen, 1943, 141 Tex. 208, 171 S.W.2d 842.

■ As stated in Armendaiz v. Ray, Tex.Civ.App.1948, 215 S.W.2d 210, the jury verdict is nothing more than an offer to sell the property to the condemnor for the price found by the jury, which the condemnor may refuse if he thinks the price is too high. See also Leonard v. Small, Tex.Civ.App.1930, 28 S.W.2d 826, writ ref.; Board of Regents of State Teachers College v. Kelley, Tex.Civ.App.1948, 208 S.W.2d 565. The same rule applies to a cross-action in condemnation filed under Article 3269,

Vernon's Ann.Tex.St. In Brazos River Conservation & Reclamation Dist. v. Harmon, Tex.Civ.App., 178 S.W.2d 281, error ref., w. o. m., the court stated: " * * * it must be borne in mind that the condemnor has the right to abandon such proceedings before judgment and before the right to condemn has vested."

It is appellees' contention that since appellant had had actual possession of the right of way for a number of years, it should not be permitted to abandon its condemnation proceeding, especially since, if allowed to do so, appellees would be prejudiced. Appellees thus seek to distinguish the present case from the cases relied upon by appellant where possession of the property had not been taken. Appellees further contend that if appellant is permitted to abandon the condemnation proceeding and judgment is entered requiring appellant to remove its pipeline from appellees' land, appellees will be injured in that they will not be permitted to recover damages either actual or exemplary growing out of appellant's trespass in laying and maintaining the pipeline across the land in question.

■ is our view that appellees are not in a position to complain that they would be deprived of their cause of action for damages if appellant is ordered to remove the pipeline, since appellees in their petition did not assert or pray for damages either actual or exemplary growing out of the original trespass and the laying of the pipeline, but only prayed for damages both actual and exemplary in their alternative pleading in the event the court should not order the pipeline removed.

While the facts in the instant case are different in several particulars from those in the case of Lower Nueces River Water Supply District v. Cartwright, supra, we are of the opinion that the law as enunciated in the Cartwright case is applicable to the present case and is controlling. The court, in the Cartwright case, stated:

"Ordinarily, the condemning authority may refuse to take the property

sought to be condemned and decline to pay the award finally fixed by either special commissioners or a judicial tribunal. Texas Power & Light Co. v. Cole, Tex.Sup. [158 Tex. 495], 313 S.W.2d 524. However, when the condemning authority *gains possession of land under and by virtue of condemnation proceedings* and cannot thereafter restore possession to the landowner and thus re-establish the status quo, such authority cannot dismiss the condemnation proceedings under which possession was obtained and seek to relitigate the matter of damages. Such action would result in obvious prejudice to the landowner and if permitted would allow the condemning authority to try the damage issue again and again until it received a favorable or acceptable award. This is the prejudice to the landowner upon which the rule of Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842, 844, is based." (Emphasis by the Court.)

In the instant case appellant did not take possession under or by virtue of the condemnation proceedings, and it does not seek to relitigate the matter of damages. It has offered to remove the pipeline from the premises in question and to restore possession to appellees, and to submit to a mandatory injunction requiring it to do so, unless it can establish its claim to the right of way by limitation. It does not appear, therefore, that appellees will be prejudiced in any way by the court granting them the relief they prayed for in their petition in seeking a mandatory injunction against appellant.

In the Cartwright case, as in this case, it was asserted by the property owner that if one who took possession after an award and deposit in the administrative proceedings cannot dismiss, then certainly a trespasser should be denied the right to dismiss the administrative proceedings. The court stated: "This argument is based upon

a non sequitur." The court then, after giving several illustrations, made this very pertinent statement:

"And in these hypothetical instances, where does the matter of possession figure? The answer is that it has no bearing upon the situation one way or another unless that possession has been acquired under and by virtue of, or in connection with the administrative proceedings and a dismissal of such proceedings would result in the authority's ridding itself of an unfavorable award or agreement to the landowner's prejudice." (Citing cases.)

In our opinion the trial court erred in refusing to permit appellant to dismiss the condemnation proceedings prior to judgment, since appellant did not take possession of the right of way under or by virtue of the condemnation proceedings, nor obtain anything whatever therefrom. Moreover, there is nothing in the record to show that appellant seeks to relitigate the matter of damages or do other than restore the premises to appellees and thus place them in the same position they were in prior to the trespass.

Appellant complains that the trial court erred in instructing a verdict against it on its defense of the ten year statute of limitations. We have carefully considered the evidence most favorably in behalf of appellant with respect to adverse possession and limitation, and have concluded that the court did not err in instructing a verdict thereon in favor of appellees. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 1952, 151 Tex. 635, 253 S.W.2d 422. While the evidence shows that appellant had installed the pipeline diagonally across the tract of land in question burying it some 24 inches under the surface of the land, and had used the pipeline continuously for approximately eleven years prior to the time this suit was brought, there is no evidence actual or circumstantial, more than a mere scintilla, that the use of the land under

the circumstances shown to exist, was open, notorious, and adverse, or within the knowledge or acquiescence of the owners of the property. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. In our opinion the evidence does not point to any posts, signs, markers or vents upon or in close proximity to the tract in question, prior to the construction of Highway 332 across Tract 231 in 1956, which upon a careful inspection by the owners thereof would have indicated to them the presence of the pipeline involved. Maricle v. Hines, Tex.Civ.App.1952, 247 S.W.2d 611.

In view of our holding, it is not necessary to consider or discuss appellant's other Points. The judgment of the trial court is reversed and the cause is remanded with instructions that the trial court issue a mandatory injunction in conformity with this opinion, requiring the appellant to remove the pipeline in question from appellees' property within such time as the trial court may consider proper and reasonable.

Reversed and remanded with instructions.