**Virgil SWAIM et ux., Appellants,**

v.

**TEXAS ELECTRIC SERVICE COMPANY, Appellee.**

No. 18180.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 8, 1979.

Rehearing Denied Dec. 27, 1979.

McMillan & Lewellen, and Garry Lewellen, Stephenville, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and S. G. Johndroe III, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

Virgil Swaim and wife, Bertha Bee, plaintiffs in trial court, have appealed a summary judgment granted Texas Electric Service Company. Their suit was a bill of

review action to set aside the judgment in a condemnation suit involving the same parties.

We affirm.

The Swaims' complaint in this appeal is that the trial court did not deny TESCO's summary judgment motion in the face of Swaims' pleadings and affidavits which allegedly stated, as a matter of law, a cause of action against TESCO. They allege that, at the hearing before the special commissioners (in condemnation), an employee of TESCO told Swaim and the commissioners that the railroad easement being condemned would not be fenced. This would allow Swaims greater access to all their land. Also alleged was that Swaims would be able to use the TESCO spur for commercial development.

Swaims said they did not object to the commissioners' award within the 20 days allowed by statute because of such representations. On the 21st day TESCO commenced fencing and Swaims objected strongly. TESCO obtained a writ of possession on May 6, 1975. Swaims filed the bill of review July 10, 1975.

The award appealed recited in part:

[W]ith the right in petitioner to prevent the construction of any buildings or other structures other than fences on such strip and to remove and thereafter prevent the growth of trees, limbs or branches, on or overhanging such strip of land hereinabove specifically described, together with the right of ingress and egress over and across the above described strip of land for the purpose of constructing, maintaining, operating and reconstructing said railroad *together with the rights to fence and enclose such strip.*" (Emphasis ours.) TESCO's statement for condemnation recited:

"Your petitioner represents that it is necessary for the construction, location, maintenance and operation of said railroad that your petitioner acquire, take, hold, use and enjoy an easement of right-of-way across the above-described strip of land, together with the rights of ingress and egress over, along and upon said strip of land for the purpose of a right-of-way for said railroad as located, *together with the right to fence,* together with the right to construct, reconstruct, maintain and operate the apparatuses, supporting structures, roadbed, devices and arrangements necessary or proper to construct, maintain, operate, repair and rebuild the same." (Emphasis ours.)

■ Bills of review in a condemnation case have three basic elements: 1. Party seeking had a meritorious defense; 2. which it was prevented from making by fraud, accident or wrongful act of the opposite party; 3. unmixed with any fault or negligence on their own. *Pentikis v. Texas Electric Service Co.*, 470 S.W.2d 387, 389 (Tex. Civ.App.—Fort Worth 1971, writ ref'd n. r. e.). In *Pentikis* this court held that "A defendant moving for a summary judgment in order to prevail assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him." Also see *Neigut v. McFadden*, 257 S.W.2d 864 (Tex.Civ.App.—El Paso 1953, writ ref'd n. r. e.)

■ A party to a suit is charged by law with notice of all orders and judgments rendered therein. *Banks v. Crawford*, 330 S.W.2d 243 (Tex.Civ.App.—Houston 1959, writ ref. n. r. e.) Therefore the Swaims were charged with notice of the terms concerning fencing, both in the pleadings and in the order of the commission which became the judgment of the trial court in this case. Even if Swaims were prevented by fraud of TESCO's employee from asserting their claimed defense on fencing, the record shows that TESCO did nothing to prevent them from filing a timely appeal. *Harrell v. City of Denton*, 116 S.W.2d 423 (Tex.Civ. App.—Fort Worth 1938, no writ). The *Harrell* case, in our view, has a fact situation very much like the one at hand—the verbal promise in *Harrell* being that condemnor might change its mind about wanting the property—the promise here being that TESCO would not enforce its fencing rights. *Harrell* has been cited with approval in *Dickey v. City of Houston*, 501 S.W.2d 293, 294 (Tex.1973) in which the Supreme Court wrote:

"They were chargeable with notice that it was the duty of the commissioners to make an award and return it as provided by law, and that the judge would cause it to be entered in the minutes as the judgment of the court unless timely objections were filed."

Even if false promises had been made, as alleged by the Swaims, it has been held that condemnor's "promissory statements or declarations of future intentions" do not matter. What does matter is what is said in the statement of condemnation and the commissioner's award. *White v. Natural Gas Pipeline Company of America*, 444 S.W.2d 298 (Tex.1969).

Also, where a judgment is clear and unambiguous, as we hold it to be here, it "is not subject to impeachment or collateral attack by the tendered proof of *the stance of the parties* before the special commissioners or of other collateral matters." *Brunson v. State*, 418 S.W.2d 504 (Tex. 1967). (Emphasis ours.)

We overrule both points of error.

Affirmed.