HARRIS COUNTY, Texas, Appellant,

v.

Marian Fleming COMSTOCK, et al, Appellee.

No. B14–84–508CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1985.

Rehearing Denied March 14, 1985.

William R. Crawford, Houston, for appellant.

Michael K. Swan, Houston, for appellees.

Before PAUL PRESSLER, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellant, Harris County, brings this appeal to challenge an order of the trial court granting appellee's bill of review in a condemnation proceeding. Appellant additionally raises several points of error which concern the subsequent trial. We find the trial court erroneously granted appellee's bill of review; therefore we reverse and render.

On January 19, 1982, appellant initiated condemnation proceedings in the county

court against certain property owned by appellee, Marian Fleming Comstock. The court appointed special commissioners who proceeded to conduct a hearing in April of 1982. An award of $186,971.00 was filed with the court. However, due to faulty service, appellee did not receive notice of the hearing and failed to appear. When the county attempted to take possession of the property, she filed for injunctive relief in district court. A Temporary Restraining Order was issued, followed by an Agreed Injunction, which voided all prior proceedings and ordered the commissioners to conduct a second hearing on July 20 to assess appellee's damages. Ms. Fleming and her attorney were present at the second hearing.

The commissioners filed their second award, pursuant to the July 20 hearing, on July 22, 1982. This award was in the amount of $208,531.00. Appellee failed to file any objections to the award within the period mandated by statute. She instead waited until September 2, 1982, to file her objections. Harris County moved for entry of judgment on the award, which the court granted due to the absence of timely objections. Appellee then filed for a bill of review, which the trial court granted over objection from appellant. The cause was set for trial and at the trial, Harris County renewed its objection to the bill and resulting trial. The jury reached an award of $308,655.00. This appeal followed.

■ Appellant contends in its first point of error that the trial court improperly granted appellee's bill of review and that the judgment entered on the award should not have been set aside. Two grounds were offered by appellee to support the bill of review. First, she claimed she had not received prompt notification of the filing of the award, and second, appellee alleged that the entry of the judgment was induced by fraud. We must examine each ground to determine if the trial court acted prudently in granting appellee's bill.

The eminent domain statutes which were in effect at the time of the award did not require notice to be served upon the landowner when the commissioners filed the award. TEX.REV.CIV.STAT.ANN. arts. 3264, 3265 (Vernon 1968) (repealed 1983).[1] Once the property owner received notification of the hearing to assess damages, he assumed the responsibility of keeping himself abreast of all subsequent actions occurring in the condemnation proceeding. *Dickey v. City of Houston,* 501 S.W.2d 293 (Tex.1973). Accordingly, lack of notice of the filing of an award will not suffice as grounds for a bill of review.

■ The second ground appellee raised to support her bill of review was that the entry of the judgment was induced by fraud. The party who moves for a bill of review in a condemnation case must establish that fraud, accident or mistake was involved in the rendition of the judgment. *Dickey,* 501 S.W.2d at 294; *O'Bryan v. County of Harris,* 583 S.W.2d 896 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The movant must demonstrate that the fraudulent behavior acted to deprive movant from knowing his rights or presenting them at trial. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *See Swaim v. Texas Electric Service Company,* 590 S.W.2d 788 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r. e.). In *Swaim,* the landowners moved for a bill of review complaining that their failure to file timely objections to the award was due to certain false statements made by an employee of Texas Electric Service Company. They alleged the employee had stated the condemned property would not be fenced, when in fact the award expressly permitted such enclosure of the property. The court found these representations to be insufficient to support a bill of review. We find that holding to be controlling of the facts presented in this appeal.

A thorough examination of the evidence offered by appellee at the bill of review hearing reveals appellee wholly failed to

1. Eminent Domain statutes are now located at Tex.Prop.Code Ann. ch. 21 (Vernon 1984). The cited provision remains unchanged in the new Code.

establish the existence of fraud to the degree necessary to warrant a bill of review. The only evidence appellee offered on the issue of fraud was testimony of her attorney that certain parties had indicated the matter could be expedited. No evidence was offered as to the identity of the speaker or his intent in making the statement. Further, appellee failed to explain how this statement would prevent her from filing a timely objection to the award. *See Swaim,* 590 S.W.2d at 789. To the contrary, such a statement would more reasonably indicate the need to file objections well in advance of the normal deadline, not later.

A review of the record reveals no evidence that would entitle appellee to relief by means of a Bill of Review. We sustain appellant's first point of error and reverse and render that the judgment entered on September 23, 1982, in the amount of $208,-531.00 be reinstated. Our disposition of this point eliminates the need to consider appellant's remaining points.