NUMBER 13-05-419-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

FOREST OIL CORPORATION, DANIEL B. WORDEN,

AND CONOCOPHILLIPS CORPORATION,                    Appellants,

 

                                           v.

 

JAMES ARGYLE MCALLEN, EL RUCIO 

LAND
AND CATTLE COMPANY, INC., 

SAN
JACINTO LAND PARTNERSHIP, 

AND MCALLEN TRUST PARTNERSHIP,                        Appellees.

___________________________________________________________________

 

                  On
appeal from the 206th District Court

                           of Hidalgo County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

                   Before
Justices Hinojosa, Yañez, and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez








Appellants, Forest Oil Corporation (Forest Oil), Daniel B. Worden
(Worden), and ConocoPhillips Corporation (ConocoPhillips), bring this
accelerated interlocutory appeal[2]
following the trial court's denial of their motion to compel arbitration with
respect to appellees James Argyle McAllen (McAllen), El Rucio Land and Cattle
Company, Inc., San Juanito Land Partnership, and McAllen Trust
Partnership.  By three issues, appellants
contend the following:  (1) the trial
court erred in denying their motion to compel arbitration because appellants
and appellees had agreed to arbitrate their claims; (2) appellees' allegation
of fraudulent inducement with respect to the arbitration provision fails as a
matter of law; and (3) an assertion of forum non conveniens may not invalidate
an agreement to arbitrate in a specified location.  We affirm.

I.  Background








In 1999, a lawsuit involving the underpayment of royalties and
non-development issues relating to oil and gas leases on the McAllen Ranch was
settled.[3]  Appellant Forest Oil and Conoco, the
predecessor-in-interest to appellant ConocoPhillips,[4]
signed the resulting settlement agreement and surface agreement.  Although appellant Worden was not a party to
either agreement, he is employed by Forest Oil as a senior pumper for the
McAllen Ranch leases.  Appellees are
surface owners of the McAllen Ranch. 
Only appellee McAllen signed the settlement agreement.[5]  Appellees McAllen, El Rucio Land and Cattle
Co., Inc., and San Juanito Land Partnership signed the surface agreement.  Appellee McAllen Trust Partnership is a
successor-in-interest to the surface agreement.

Pursuant to the settlement agreement, McAllen released appellant
Forest Oil and Conoco from the following:

all claims and causes
of action . . . which [he] presently [has] or could assert, including but not
limited to all claims and causes of action (i) in any manner relating to,
arising out of or connected with the McAllen Ranch Leases . . . .

 

However,
within the settlement agreement, McAllen reserved and excepted the following
from the release:

(c) any rights and claims arising under the McAllen Ranch Leases, as
amended, after the Effective Date of this Agreement, (d) any rights or claims .
. . for environmental liability, surface damages, personal injury, or wrongful
death occurring at any time and relating to the McAllen Ranch Leases . . . .








In
addition, the settlement agreement provided that any disputes arising from
claims excepted and reserved from the release were to be resolved in
arbitration in Harris County pursuant to the Texas General Arbitration Act.[6]  The surface agreement, which was executed
contemporaneously with the settlement agreement, provided that it was to become
part of the settlement agreement and to be subject to the arbitration provision
contained in the settlement agreement.

Appellees subsequently filed suit against appellants asserting
numerous tort claims, including claims for environmental contamination on the
McAllen Ranch.  Relying on the
arbitration provision found in the settlement agreement and incorporated into
the surface agreement, appellants filed a motion to compel arbitration.  In response to appellants' motion to compel
arbitration, appellees asserted that the arbitration clause was unconscionable
and induced by fraud and that it should be set aside.  Appellees also argued that their claims did
not implicate the settlement agreement or the surface agreement.  After conducting an evidentiary hearing to
summarily determine the existence of the arbitration provision, see Tex. Civ. Prac. & Rem. Code Ann. ' 171.021(b) (Vernon
2005), the trial court denied appellants' motion.  See id. ' 171.021(b)-(c) (providing that if the trial
court finds for the party opposing the motion to compel arbitration, it shall
deny the motion).  Appellants did not
request findings of fact and conclusions of law with respect to the trial
court's denial of its motion.

II.  Fraudulent Inducement as to
the Arbitration Provision








By their second issue, appellants generally claim that appellees'
allegation of fraudulent inducement fails as a matter of law, and therefore,
the trial court erred in denying their motion to compel arbitration.  More specifically, appellants assert that
appellees have presented no evidence of fraudulent inducement as to the
arbitration provision because (1) appellees have failed to prove the elements
of this defense and (2) the alleged fraud relates to the settlement and surface
agreements as a whole rather than to the arbitration provision itself.

A.  Standard of Review

In an interlocutory appeal from an order denying a motion to compel
arbitration that involves the defense of fraudulent inducement, we apply a no
evidence standard of review.  See
Hearthshire Braeswood Plaza Ltd. P'ship v. Bill Kelly Co., 849 S.W.2d 380,
384 (Tex. App.BHouston [14th Dist.]
1993, writ denied) (citing Wetzel v. Sullivan, King & Sabom, P.C.,
745 S.W.2d 78, 79 (Tex. App.BHouston [1st Dist.]
1988, no writ; Gulf Interstate Eng'g v. Pecos Pipeline, 680 S.W.2d 879,
881 (Tex. App.BHouston [1st Dist.]
1984, writ dism'd)).  Under the no
evidence standard, we consider only the evidence and inferences tending to
support the challenged finding and disregard all evidence and inferences to the
contrary.  Id. (citing Davis v.
City of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988); Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965)); see City of Keller v. Wilson, 168
S.W.3d 802, 810-11 (Tex. 2005).  When, as
in the instant case, appellants have not requested findings of fact and
conclusions of law and the trial court has not filed any on its own, we must
affirm the trial court's judgment if it can be upheld under any legal theory
supported by the evidence.  In the
Interest of W.E.R., 669 S.W.2d 716, 717 (Tex. 1984) (per curiam) (citing Lassiter
v. Bliss, 559 S.W.2d 353, 356 (Tex. 1977)); Hearthshire Braeswood Plaza
Ltd. P'ship, 849 S.W.2d at 384.

 

 








B.  The Law








Texas law favors the arbitration of disputes when the agreement to
arbitrate is founded upon the consent of the parties to forego their right to
litigate claims in our court system and to submit their causes to a private
decision-maker instead.  Kendall
Builders, Inc. v. Chesson, 149 S.W.3d 796, 803 (Tex. App.BAustin 2004, pet.
denied).  Thus, section 171.021(a) of the
Texas Civil Practice and Remedies Code provides that "a court shall order
the parties to arbitrate on application of a party showing:  (1) an agreement to arbitrate; and (2) the
opposing party's refusal to arbitrate." 
Tex. Civ. Prac. & Rem. Code
Ann. ' 171.021(a).  However, to ensure that the agreement of the
parties to arbitrate their disputes is obtained meaningfully, contractual
defenses, such as fraudulent inducement, mutual mistake, or unconscionability,
may bar the enforcement of an arbitration agreement.[7]  Kendall Builders, Inc., 149 S.W.3d at
803 (citing In re Halliburton, 80 S.W.3d 566, 572 (Tex. 2002); In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999)).  Therefore, if a party opposing a motion to
compel arbitration denies the existence of an arbitration agreement based on a
contractual defense, the trial court is to summarily determine that issue.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.021(b).  If the trial court finds for the party
opposing the motion to compel arbitration, then it shall deny said motion.  Id. 
If, on the other hand, the trial court determines that a valid
agreement to arbitrate exists, it has no discretion but to compel arbitration
and to stay its proceedings pending arbitration.  See id. ' 171.021(b)-(c); Pepe Int'l Dev. Co. v.
Pub Brewing Co., 915 S.W.2d 925, 929 (Tex. App.BHouston [1st Dist.]
1996, no writ).

C.  Analysis

Appellees contend that the arbitration provision in the settlement
agreement was induced by fraud, and therefore, is unenforceable.  To prove their contractual defense of
fraudulent inducement as to the arbitration provision, appellees were required
to demonstrate the following: 

(1) a material
representation was made relating to the arbitration clause; (2) the
representation was false; (3) when the defendants made the representation, they
knew it was false, or made it recklessly without any knowledge of the truth and
as a positive assertion; (4) the representation was made with the intention
that it should be acted upon by the plaintiff; (5) the plaintiff acted in
reliance upon the representation; and (6) the plaintiff thereby suffered injury
due to his reliance on the representation.

 

See
Hearthshire Braeswood Plaza Ltd. P'ship, 849 S.W.2d at 385.  Appellees relied on testimony from appellee
McAllen and Bobby Pearson, a former employee of Forest Oil who worked as a
senior pumper on the McAllen Ranch, to establish the elements of fraudulent
inducement with respect to the arbitration provision.[8]













In support of the first element, that a material representation was
made relating to the arbitration provision, see id., McAllen testified
that he was the only surface owner involved in the 1999 settlement discussions,
and that he was the last plaintiff in the 1999 litigation to sign the
settlement agreement because of his concerns with the arbitration provision as
it related to surface issues, such as environmental contaminants or
pollutants.  He also testified that during
the discussions regarding the arbitration provision, he expressed his concerns
about giving up the right to a jury trial in Hidalgo County; McAllen stated
that, because of these concerns, the arbitration provision was set aside and
was one of the last items in the settlement agreement to which he agreed.  McAllen further testified that during the
discussions the lawyers for the defendants represented to him that there was no
problem with which to be concerned regarding environmental contaminants or pollutants
on the McAllen Ranch and that he should "go ahead and sign."  When asked if he had agreed to the
arbitration provision based on the representations and assurances made by the
defendants' attorneys that there were no environmental contaminants or
pollutants on the McAllen Ranch, McAllen replied, "yes, I did."  Although appellants assert that appellees'
evidence to support the allegation of a material misrepresentation is too
vague, we disagree.  The record
establishes that a representation was made by appellants to McAllen that no
environmental issues existed on the McAllen Ranch.  Given McAllen's voiced concerns regarding the
arbitration provision as it related to surface issues, including environmental
contaminants and pollutants, the record establishes that the representation was
material to and made in the context of the arbitration provision.  In addition, while appellants rely on Harris
County v. Comstock, 687 S.W.2d 419 (Tex. App.BHouston [14th Dist.] 1985, writ ref'd n.r.e.), to
assert the argument that a party cannot prove the element of material
representation without offering evidence as to the identity of the speaker of
the representation, we find that Comstock is distinguishable from the
instant case.  Comstock involved
the issue of fraud with respect to the appellee's motion for a bill of review
in a condemnation proceeding.  Id.
at 420.  The court in Comstock
held that the appellee failed to establish the existence of fraud to the degree
necessary to warrant a bill of review; however, the court did not specifically
hold that a party cannot establish fraud without identifying the speaker of the
material representation.  Id.  Moreover, McAllen identified the speakers as
"lawyers" for the defendants in the 1999 settlement negotiations;
therefore, McAllen sufficiently identified the speakers as persons representing
appellant Forest Oil and Conoco.  Thus,
we conclude that the record establishes the first element of appellees'
fraudulent inducement defense.  








As to the second element, that the representation was false, Hearthshire
Braeswood Plaza Ltd. P'ship, 849 S.W.2d at 385, Pearson testified that
Forest Oil had knowledge of environmental problems resulting from its
operations on McAllen Ranch prior to 1999 when the material representation was
made to appellee McAllen.  Specifically,
Pearson testified that Forest Oil tested pipes extracted from wells seven and
eleven on the McAllen Ranch in 1991 to determine if they contained naturally occurring
radioactive material (NORM); he also testified that over two hundred of the
pipe joints tested exceeded acceptable levels of NORM.  In addition, Pearson testified that the
following employees of Forest Oil had knowledge of the NORM-contaminated pipe
prior to December 1994:  J.W. Bud Nell,
vice president for operations; Don Oliver, manager of production; Larry
Fonteno, environmental specialist; Ronny Owen, production foreman; and
appellant Worden.  Furthermore, Pearson
testified that between 1994 and 1995, he gave Nell a tour of McAllen Ranch
during which the following dialogue allegedly took place:

Nell:            "Is that where we dug up the
iron sponge?"[9]

Pearson:      "Yes, sir, but they didn't get them
all."

Nell:            "Yes, I know."

Thus,
because Forest Oil had knowledge of environmental contaminants on McAllen Ranch
as early as 1991, well before appellants made the related material representation
in 1999, we conclude that the record establishes the second element of
fraudulent inducement, that the representation was false, as well as the third
element, that appellants knew their representation was false when it was made.[10]  








In support of the fourth element of fraudulent inducement, that the
material representation was made with the intention it would be acted upon, id.,
we re-visit McAllen's testimony.  As
previously set out, McAllen testified that when he was told that there was no
problem with which to be concerned regarding environmental contaminants or
pollutants on the McAllen Ranch, the lawyers for appellant Forest Oil and
Conoco went on to say "go ahead and sign."  Appellants assert that only direct evidence
of the speakers' intent may prove this fourth element.  However, because direct evidence regarding
one's intent is difficult to establish, the Texas Supreme Court has held that
questions of intent may be proven by circumstantial evidence.  City of Keller, 168 S.W.3d at
831.  McAllen's testimony provides
circumstantial evidence that the lawyers for appellant Forest Oil and Conoco
intended that McAllen would act upon their material representation by signing
the settlement agreement, and therein agreeing to the arbitration
provision.  Thus, we conclude that the
record establishes the fourth element.








With respect to the fifth element, that the plaintiff acted in
reliance upon the material representation, Hearthshire Braeswood Plaza Ltd.
P'ship, 849 S.W.2d at 385, McAllen stated more than once in his testimony
that he had relied on the material representation made by appellants' attorneys
that there were no environmental contaminants or pollutants on the McAllen
Ranch when he agreed to the arbitration provision.  However, appellants contend that McAllen was
not entitled to rely on any alleged representation made by them in settlement
discussions because he signed the settlement agreement which contained a
disclaimer of reliance.[11]  Appellants rely on Schlumberger Tech.
Corp. v. Swanson, 959 S.W.2d 171 (Tex. 1997), to support their contention.[12]  However, Schlumberger is
distinguishable from the instant case because the appellees in Schlumberger
executed a release of all claims and did not reserve any claims, and Schlumberger
did not involve a provision that subjected claims to arbitration.  See generally id.  In addition, the court in Schlumberger
limited its holding to the facts of that case. 
Id. at 181.  Therefore, we
conclude that Schlumberger does not support appellants' proposition
regarding the disclaimer at issue. 
Moreover, the language found in the disclaimer in the instant case
specifically refers to the "releases contained in this Agreement"; it
does not refer to the reservations contained within the settlement agreement.  We construe this provision to mean that
McAllen did not disclaim reliance on the material representation made by
appellant Forest Oil and Conoco relating to environmental contaminants and
pollutants on the McAllen Ranch because environmental claims were reserved, not
released, by McAllen.  Thus, we find that
the record establishes the fifth element of appellees' defense.








As to the final element, that the plaintiff suffered injury due to his
reliance on the material representation, Hearthshire Braeswood Plaza Ltd.
P'ship, 849 S.W.2d at 385, McAllen testified that he would not have given
up his right to a jury trial in Hidalgo County if he had known that the
material representation was false. 
Because McAllen was induced into agreeing to the arbitration provision,
and thereby into signing the settlement agreement, we conclude that he will
suffer injury if the arbitration provision were to be upheld and if he were
compelled to arbitrate his claims in Harris County rather than being allowed to
proceed with trial in Hidalgo County. 
Therefore, we conclude that the record supports the sixth element of
fraudulent inducement.

In considering only the evidence and inferences supporting the trial
court's ruling and in disregarding all evidence to the contrary, id. at
384, we conclude that the evidence is legally sufficient to support appellees'
defense of fraudulent inducement as to the arbitration provision, see id. at
385, and the trial court's judgment on this ground.  In the Interest of W.E.R., 669 S.W.2d
at 717 (providing that when appellants have not requested findings of fact and
conclusions of law, we must affirm the trial court's judgment on any legal
theory supported by the evidence).

We overrule appellants' second issue.

III.  Agreement to Arbitrate and
Forum Non Conveniens








By their first issue, appellants contend that the trial court erred in
denying their motion to compel arbitration because appellants and appellees had
agreed to arbitrate their excepted and reserved claims.  Through their third issue, appellants claim
that an assertion of forum non conveniens cannot invalidate an agreement to
arbitrate in a specified location.  We,
however, decline to address appellants' first and third issues as they are not
dispositive of this appeal in light of our disposition of appellants' second
issue.  See Tex. R. App. P. 47.1.      

IV.  Conclusion

Accordingly,
we affirm the judgment of the trial court.     

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum Opinion delivered and 

filed this 15th day of December, 2005.

 











[1]All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Section 171.098 of the Texas Civil
Practice and Remedies Code authorizes a party to appeal an order denying a
motion to compel arbitration pursuant to the Texas General Arbitration
Act.  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon 2005).





[3]The lawsuit involved three oil and
gas leases: the "Main Lease," the "A Lease," and the
"B Lease."  For simplicity, we
will refer to them collectively as the McAllen Ranch leases.





[4]Forest Oil and ConocoPhillips acted
as joint operators in one of the McAllen Ranch leases.





[5]It is unclear from the record if
the remaining appellees are successors-in-interest to the settlement
agreement.  However, that issue is not
before us in this appeal.





[6]The parties do not dispute that the
Texas General Arbitration Act controls in the instant case.  In addition, section 7 of the settlement
agreement sets out the procedural mechanisms for the arbitration of disputes arising
from reserved and excepted claims.





[7]Even so, a contractual defense must
relate to the arbitration agreement itself in order for a trial court to have
jurisdiction over such a claim.  Pepe
Int'l Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 930 (Tex. App.BHouston [1st Dist.] 1996, no
writ).  If the contractual defense
relates to the contract as a whole, rather than to the arbitration agreement,
then such a defense is a matter for the arbitrator to determine.  Id.





[8]While the evidence relied on by
appellees to support their defense of fraudulent inducement as to the
arbitration provision speaks to the inducement of appellee McAllen, and not the
remaining appellees, appellants do not challenge that this defense applies only
to appellee McAllen.





[9]According to testimony from
Pearson, iron sponge wood chips contaminated with mercury have been buried by
Forest Oil on the McAllen Ranch since the early 1990's.





[10]Appellants do not challenge on
appeal that knowledge of the falsity of the material representations is
attributable only to Forest Oil and not to the remaining appellants. 





[11]The disclaimer contained in the
settlement agreement signed by McAllen read in pertinent part as follows:

 

Each of the Plaintiffs . . . expressly warrants and represents and does
hereby state . . . that no promise or agreement which is not herein expressed
has been made . . . in executing the releases contained in this Agreement, and
that none of them is relying upon any statement or any representation of any
agent of the parties being released hereby. 
Each of the Plaintiffs . . . is relying on his, her, or its own judgment
and each has been represented by . . . legal counsel in this matter.  The legal counsel for Plaintiffs . . . have
read and explained to each of the Plaintiffs the entire contents of the
releases contained in this Agreement as well as the legal consequences of the
releases.





[12]The disclaimer of reliance in Schlumberger
read as follows:

 

Each of us [the Swansons] expressly
warrants and represents and does hereby state . . . and represent . . . that no
promise or agreement which is not herein expressed has been made to him or her
in executing this release, and that none of us is relying upon any statement or
representation of any agent of the parties being released hereby.  Each of us is relying on his or her own
judgment and each has been represented by Hubert Johnson as legal counsel in
this matter.  The aforesaid legal counsel
has read and explained to each of us the entire contents of this Release in
Full, as well as the legal consequences of this Release . . . .

 

Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 180 (Tex. 1997).