Vernon A. DICKEY et al., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 805.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 2, 1973.

Rehearing Denied May 23, 1973.

John H. Holloway, Houston, for appellants.

William A. Olson, Fred Spence, Houston, for appellee.

COULSON, Justice.

This case involves an "appeal" in an eminent domain proceeding from a final judgment in the absence of objections awarding the City of Houston, plaintiff below and appellee here, fee simple title to property in Harris County.

The record reflects the City filed a statement in condemnation with the judge of the County Civil Court at Law No. 1 of Harris County on April 17, 1972 at which time the judge of said court appointed three special commissioners. The commissioners took their oath on May 9, 1972. Notice was timely served on the defendants, Vernon A. Dickey, Johnnie Dickey and Dickey Electric Company, apprising them of a hearing to be held June 13, 1972 regarding the condemnation action taken against their property. There is some con-troversy as to whether the corporate defendant was properly served. The hearing was held and the three defendants were represented by their counsel. On August 31, 1972 the award of the special commissioners was filed with the County Civil Court at Law No. 1. *No notice* was given to any of the defendants of the filing of "the special award." On September 25, 1972 the time in which to file objections to the award terminated without the court's having heard from the defendants. "Judgment in the Absence of Objections" was entered on October 11, 1972.

On October 20, 1972 appellants filed a motion to set aside the "Judgment in the Absence of Objections" and extend the time for filing objections to the award of the commissioners. Evidence was heard on the motion and it was refused.

From the judgment and order defendants attempt to perfect an appeal to this Court.

In order to invoke the jurisdiction of this Court there must be a "civil case" from which an appeal can be taken. Tex.Const. art. V, sec. 6, Vernon's Ann. St. A condemnation proceeding does not become a "civil case" unless objections to the commissioners' award are filed within the applicable statutory period. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958), Vernon's Tex.Rev.Civ.Stat.Ann. art. 3266 (1968). In the case at bar no objections to the special commissioners' award filed with County Court at Law No. 1 were submitted within the requisite period. It follows that the proceeding never became a civil case. Consequently, we have no jurisdiction to entertain this appeal or pass on the merits of appellants' points of error.

Despite the fact that this case must be dismissed we feel it proper to comment that where one's rights to property may be substantially affected by his failure to object to an award filed with a court in a condemnation proceeding, and where the statutory period for making objections to the award runs from the time of the filing

of the award, and further, where no notice of the filing of the award is required to be given and none is given the one whose property is in issue, the requisites of procedural due process would not appear to be satisfied. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Indeed it is this very lack of notice which has, in all probability, resulted in the Court's being without jurisdiction to review this case.

Though this Court is without jurisdiction to pass on the "appeal" a remedy in the form of a mandamus action might properly lie in the district court to set aside the judgment.

The case is dismissed with cost charged to the appellants.