Vernon A. DICKEY et al., Petitioners,

v.

CITY OF HOUSTON, Respondent.

No. B–4085.

Supreme Court of Texas.

Nov. 7, 1973.

Rehearing Denied Dec. 5, 1973.

John H. Holloway, Houston, for petitioners.

William A. Olson, City Atty., Fred Spence, Asst. City Atty., Houston, for respondent.

ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an eminent domain proceeding in which special commissioners were appointed and made an award of $3,200.00. The award was filed with the Judge of the County Civil Court at Law No. 1 of Harris County on August 31, 1972, and neither party filed objections within the time provided by Art. 3266, Vernon's Ann.Tex.Civ. St. On October 11, 1972, the award was entered in the minutes and made the judg-

ment of the court. On October 20, 1972, the landowners, who are petitioners here, filed a motion to set aside the judgment and extend the time for filing objections. After a hearing at which evidence was introduced, the trial court sustained the City's plea to the jurisdiction and denied the petitioners' motion on the ground that, no timely objections to the award having been filed, the court had no jurisdiction to decide any issue raised by the motion. Petitioners appealed, and the Court of Civil Appeals dismissed the appeal because it concluded that the proceeding had never become a civil case and that no appeal would lie from the trial court's judgment. 494 S.W.2d 648.

▮▮▮▮ When no timely objections to a condemnation award are filed and judgment is entered on the award, there is no appeal from that judgment. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935. The judicial power of the court is invoked, however, by a subsequently filed petition for a bill of review. The bill of review proceeding is a civil case, and the judgment of the trial court in that proceeding is appealable. Rose v. State, Tex.Sup., 497 S.W.2d 444. In this instance petitioners' motion in the trial court appears to be merely an attempt to have the judgment set aside on the ground that it is void because petitioners were not notified of the filing of the commissioners' decision. There is no merit in this contention. The record shows that petitioners were duly notified of and appeared at the commissioners' hearing. It was then their duty to take cognizance of the subsequent acts of the commissioners. They were chargeable with notice that it was the duty of the commissioners to make an award and return it as provided by law, and that the judge would cause it to be entered in the minutes as the judgment of the court unless timely objections were filed. See Harrell v. City of Denton, Tex.Civ.App., 116 S.W.2d 423 (no writ).

▮▮▮ The motion filed by petitioners in the trial court contains no allegation of fraud, accident or mistake and does not purport, on its face, to invoke the equitable powers of the court. A statement of facts was tendered for filing in the Court of Civil Appeals 70 days after the trial court rendered judgment denying the motion, and a motion for extension of time for filing the statement of facts was overruled by the intermediate court. The propriety of that action has not been brought here for review, and without a statement of facts there is no basis in the record for treating the motion in the trial court as a petition for a bill of review. On the present record it cannot be said that the Court of Civil Appeals erred in dismissing the appeal and the application for writ of error is accordingly Refused, No Reversible Error.

children reached age of 18 years or until further ordered by the court was ambiguous as to father's obligations when children reached age of 18 and did not support comtempt proceedings against father, who reduced his payments by one-quarter as each of the four children reached age of 18.