**W. H. O'BRYAN et al., Appellants,**

v.

**COUNTY OF HARRIS, Appellee.**

**No. A2144.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 13, 1979.

Rehearings Denied July 11, 1979.

Joel D. Sherlock, Jr., Houston, for appellants.

Joe Resweber, County Atty., Paul R. Bibler, Jr., Asst. County Atty., Houston, County of Harris, for appellee.

Before BROWN, C. J., and COULSON and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

W. H. O'Bryan and other landowners (appellants) appeal from the denial by the trial court of their bill of review in an eminent domain proceeding. In 1977 Harris County filed a petition to condemn approximately two and one half acres of appellants' land for use as a public park. Special commissioners were named and a hearing was held on October 11, 1977, at which Mr. O'Bryan was present. An award in the amount of $22,500.00 was filed by the commissioners on November 2, 1977, on which date a postcard notice was mailed to O'Bryan. This notice was received on November 21, nineteen days later, and advised him that the award had been filed and that the landowners had until the first Monday after twenty days to file objections in order to preserve their right to appeal the award. O'Bryan mailed his objection to the award by certified mail on November 23, and it was received by county authorities on November 29, one day *after* the last day to file such objections. The County then moved to have the award entered as the judgment of the court, since no objections had been timely filed. This was done on January 13, 1978.

Appellants filed a bill of review alleging that they had a meritorious defense to the condemnation proceeding, and that they were prevented from filing their timely objections by acts of Harris County, the special commissioners, and the trial court. The trial court on its own motion severed the trial into two parts, the compliance with the bill of review requirements and, conditioned on the outcome of that, the trial on the merits of the claim for compensation.[1] The trial court then found that appellants had

---

1. While it is not clear that an actual severance was made, the record does show that the final judgment entered was intended to dispose of the entire case.

failed to show the elements necessary for relief by bill of review. This appeal followed.

Appellants first contend that there exists in the eminent domain procedure in Texas a "lack of due process for failure of notice sufficient to inform the Defendants of the date the award of special commissioners was filed," a date which initiates the statutory time period during which objections must be filed. Appellants further urge that they were deprived of due process in that the postcard notice they did receive was insufficient to allow a reasonable opportunity to appeal the award of the commissioners in a trial de novo.

The Texas Supreme Court considered a similar claim in *Dickey v. City of Houston*, 501 S.W.2d 293 (Tex.Sup.1973). That court, after examining the notice requirements of the eminent domain statutes, and the appellant's challenges thereto, stated:

There is no merit in this contention. The record shows that petitioners were duly notified of and appeared at the commissioners' hearing. It was then *their duty to take cognizance* of the subsequent acts of the commissioners. They were *chargeable with notice* that it was the duty of the commissioners to make an award and return it as provided by law, and that the judge would cause it to be entered in the minutes as the judgment of the court unless timely objections were filed.

501 S.W.2d at 294 (emphasis added).

■ We are bound by the supreme court's determination that procedural due process is satisfied by notice to the condemnee of the original hearing. Further, appellants did actually receive notice of the award by mail a full week before their objections were due, and are therefore not in a position to claim that they were harmed by the absence of a statutory notice requirement. Accordingly we overrule appellants' first and second points of error.

However, this court has previously expressed a concern that the absence of a provision requiring notice to the condemnee of the award presents a serious due process question. We said:

[W]here one's rights to property may be substantially affected by his failure to object to an award filed with a court in a condemnation proceeding, and where the statutory period for making objections to the award runs from the time of the filing of the award, and further, where no notice of the filing of the award is required to be given and none is given the one whose property is in issue, the requisites of procedural due process would not appear to be satisfied.

*Dickey v. City of Houston,* 494 S.W.2d 648, 649–50 (Tex.Civ.App.—Houston [14th Dist.] 1973), affirmed, 501 S.W.2d 293 (Tex.Sup. 1973). This is particularly true in the absence of a mandatory time frame within which the commissioners must make their award. Despite the language of the supreme court, we remain unconvinced, in light of recent United States Supreme Court holdings in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and the line of cases following, that the statutory scheme of condemnation in Texas provides a fair and realistic opportunity for the condemnee to learn of the award and preserve his right to appeal.

■ Appellants next urge that it was error for the trial court to overrule their bill of review. Appellee responds, correctly, that appellants have failed to meet the requirements set out in *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950) and *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.Sup.1974). These two cases were both appeals from judgments in judicial proceedings and therefore unlike the present case.

The supreme court has spoken in two cases involving bills of review in condemnation proceedings. *Rose v. State of Texas,* 497 S.W.2d 444 (Tex.Sup.1973); *Dickey v. City of Houston,* 501 S.W.2d 293 (Tex.Sup. 1973). In *Rose* the court stated that a bill of review "will lie to correct a judgment upon proof of fraud, accident, or mistake; . . . ." 497 S.W.2d at 446, and then proceeded to approve the reformation of a judgment which was incorrect due to a mutual mistake of the parties. In *Dickey* the

court stated that a bill of review does lie from a judgment entered on the commissioners' award, but must contain allegations of fraud, accident, or mistake, and purport to invoke the equitable powers of the court. Further, in *Petro-Chemical* the court stated that the *Hagedorn* rule was "entirely sound as applied to a defendant who suffered a default judgment after proper personal service of citation, but it does not govern the disposition of all bill of review cases." 514 S.W.2d at 244. From a reading of these three cases we believe that the *Hagedorn* prerequisites for relief by a bill of review are not applicable to the facts in the case before us, that is, a ministerial entry of judgment in an administrative proceeding, and that the appellants are entitled to relief if they can show either fraud, accident, or mistake in the proceedings below.

■ The judgment states that no objections were timely filed to the award. We find that the objections of appellants were timely filed, and that therefore the trial judge was mistaken in entering judgment as he did.

We believe that the principle enunciated by the supreme court in *Ward v. Charter Oak Fire Insurance Company*, 22 Tex.S. Ct.J. 184 (January 13, 1979) applies to this case. That case involved the filing of objections to an award by the Industrial Accident Board. Ward, the injured employee, mailed her objections by first class mail on July 12, six days before the expiration of the statutory period. Due to post office error the notice was received on July 20, two days after the expiration of the statutory period. The court noted that previously section 5 of article 8307, Tex.Rev.Civ. Stat.Ann., had been strictly construed to mean that in such a situation the notice provision had not been complied with, the rationale being that the United States Post Office was the sender's agent and therefore its negligence was attributable to the sender.

The court then stated that this construction would lead to "a harsh and inequitable result," since Ward had employed "a method of giving notice that is almost universal-

ly recognized" by "[depositing] her notice of intention to appeal in the mail at a time when it should have reached the Industrial Accident Board within twenty days of the Board's ruling." 22 Tex.S.Ct.J. at 185. Then, in order to avoid such a harsh result, the court stated:

> We . . . conclude that if the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed. In the interest of uniformity, this construction . . . coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure.

22 Tex.S.Ct.J. at 185.

■ As under the worker's compensation law, the right to appeal in a condemnation case is an inherent part of the process contemplated by the statute. While the *Ward* holding expressly applied to cases arising under the worker's compensation statutes, we believe the principle enunciated there to be broad enough to extend to other types of cases wherein a statutory time period is imposed in which it is necessary to file objections to the actions of a board or commission in order to preserve the right to appeal.

■ Here appellant O'Bryan sent his objection by certified mail on July 23, five days prior to the expiration of the statutory period. It was received on July 29, one day after such period, thus falling squarely within the *Ward* principle. The objection therefore was timely filed, and the trial court mistakenly entered judgment in accordance with the award.

We hold that this mistake was sufficient to constitute grounds for bill or review under the *Rose* and *Dickey* cases, *supra*. We therefore reverse and remand this case to the trial court.

Reversed and remanded.