George E. WHETSTONE, Appellant,

v.

URBAN RENEWAL AGENCY OF the
CITY OF LUBBOCK, Appellee.

No. 07–82–0012–CV.

Court of Appeals of Texas,
Amarillo.

July 27, 1983.

Rehearing Denied Aug. 16, 1983.

Goss, Hale & Wells (E. Warren Goss and Kent Hale) Lubbock, for appellant.

Brock, Waters, Morton & Pigg, Harold H. Pigg, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant George A. Whetstone brings this appeal from an order refusing his bill of review to set aside a judgment rendered in eminent domain proceedings involving property owned by him in Lubbock. For reasons hereinafter stated, we affirm the action of the trial court.

A brief recitation of the rather confusing sequence of events is necessary for a discussion of this appeal. Appellant was the owner of certain property in Lubbock County over which the appellee Urban Renewal Agency of the City of Lubbock wished to build a public conveyance. Appellee caused condemnation proceedings to be instituted in Lubbock County Court at Law No. One. The proceedings were filed in what the court styled as "Administrative file No. 985." This file and others like it were kept in the office of the judge's court reporter.

The proceedings resulted in the appointment of special commissioners and a hearing before those commissioners on March 13, 1979. It is uncontroverted that appellant appeared at this hearing, although he testified that he did not attend the entire hearing. The award of the commissioners, as found by the court, was filed in its administrative file on March 13, 1979. On April 12, 1979, a "judgment in absence of objection" was rendered by the judge and filed in the administrative file.

On or about April 1, 1979, appellant had secured legal counsel who looked in the County Clerk's office for a record of any decision by the commissioners and found none filed in that office. On or about April 23, 1979, in the language used in appellant's brief, "a judgment dated March 13, 1979 but file marked April 12, 1979 appeared in the County Clerk's office." When appellee discovered this, he filed a motion to vacate judgment on that date in the County Clerk's office in Cause No. 29,749 and, on or about May 1, 1979, a letter notice of objections was filed in the administrative file.

In his motion to vacate, appellant argued, inter alia, that the judgment was improper because it was rendered prior to the passage of the statutory period allowed for filing objections to an award of the commissioners in a condemnation proceeding and that, even if the judgment was rendered subsequent to the passage of the statutory period, lack of proper notice made the rendition of the judgment violate appellant's constitutional due process property interest. To this motion appellee filed its reply and plea to the jurisdiction, and a hearing was held on June 29, 1979. On July 6, 1979, a "motion for rehearing of motion to vacate judgment in absence of objection" was filed by appellant, making contentions similar in nature to those made in the original motion. A hearing was held on this motion on September 7, 1979. Both of these motions were overruled in separate orders dated November 27, 1979. No attempt was made to perfect any appeal from this action. On September 4, 1981, appellant filed a motion for new trial to which appellee filed a plea to the jurisdiction and answer. No disposition appears of this motion.

On March 26, 1981, "a petition for bill of review" was filed and, after hearing, on October 5, 1981, the relief sought was denied, giving rise to this appeal. The judge filed findings of fact and conclusions of law and they will be referred to where pertinent in this opinion.

In his single point of asserted error, appellant contends that the court erred in holding appellant's April 23 and May 1 objections to the award were not timely filed since "appellant was given no notification of the award and had no access to the filing of the award prior to April 12, 1979." The thrust of appellant's argument under this point is that the 20 day statutory period, within which an objection to the commissioners award must be filed, set out in Tex.Rev.Civ.Stat.Ann. art. 3266, subds. 6 &

7, should be deemed to have begun running from April 12, 1979, the date of the County Clerk's file mark on the award rather than March 13, 1979, the date the court found the award was filed in its administrative file. He argues the proper place for filing the award was the clerk's office and, since he had received no actual notice of the award and had checked the clerk's office for its filing, equity demands this result.

In a cross-point of error, appellee asserts the trial court erred in not sustaining its plea to the jurisdiction in regard to appellant's attempts to set aside the condemnation judgment. Under this cross-point, appellee mounts a two-pronged attack upon the jurisdiction of the trial court. Initially, it argues, in the absence of timely filed objections to the award of the commissioners, the County Court had no jurisdiction to do anything more than accept and adopt the award as its judgment. Moreover, it urges the grounds asserted in the "petition for bill of review" are, in substance, the same as those asserted in the motion to vacate judgment and the motion for rehearing on that motion. Appellee reasons that, since no appeal was taken from the orders overruling those motions, the trial court was without jurisdiction to decide the petition now at issue which, it argues, amounts to a third attempt at a bill of review.

■ Initially, we must note that Tex. Rev.Civ.Stat.Ann. art. 3265(5) expressly requires that the commissioners' decision and all papers connected with it are to be filed "with the county judge." The filing of the award with the county judge and not the county clerk is not only proper but required and that filing is the event which triggers the twenty day limitation period within which to file objections to the award. *See Lemmon v. Giles,* 342 S.W.2d 56 (Tex.Civ. App.—Dallas 1960, writ dism'd). In receiving the filing of the papers, the judge is acting in an administrative and not a judicial capacity. *Id.* at 60. It therefore appears that the action of the judge in maintaining an administrative file was not improper and that the filing of the commis-

sioners award on March 13, 1979 commenced the limitation period.

■ The objection to the award could have been filed with the judge or in the County Clerk's office. *Henderson v. Texas Turnpike Authority,* 308 S.W.2d 199, 201 (Tex.Civ.App.1957, writ ref.). However, it is undisputed that, in the instant case, no objections were filed in either place prior to the expiration of the twenty day limitation period, when dated from March 13, 1979. That being the case, the judge had no jurisdiction to do anything more than accept and adopt the award as its judgment. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935 (1958). Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie. *Rose v. State,* 497 S.W.2d 444 (Tex.1973).

■ However, the judicial power of the court may be invoked by a subsequently filed petition for a bill of review. The bill of review proceeding is a civil case, and the judgment of the trial court in that proceeding is appealable. *Dickey v. City of Houston,* 501 S.W.2d 293 (Tex.1973). Here, the appellant did subsequently file a petition which is in the nature of a bill of review, thus invoking the court's jurisdiction. The question therefore presented to us is whether the record supports the trial court's refusal of the relief sought by appellant.

■ A bill of review will lie to correct a judgment upon proof of fraud, accident or mistake. *Rose v. State, supra.* As we stated above, the thrust of appellant's argument is that he is entitled to the bill of review because he received no actual notice of the award of the commissioners and the filing of the award in the administrative file was a "clerical record keeping error" depriving him of access to the record of the award prior to the time it appeared in the county clerk's office.

■ While we note that appellant testified it was "possible" he received a copy of the award of the commissioners mailed on the day subsequent to the hearing, the record is not clear and the trial judge made no

finding of fact to this effect. However, assuming, arguendo, that appellant did not receive such a copy, we do not think that fact sufficient to require the granting of a bill of review.

The Court specifically found that appellant and his wife "personally appeared at the hearing before Special Commissioners held on March 13, 1979 . . ." The appellant does not contest this finding. Since appellant appeared at the hearing in which the award was made, it was his duty to take cognizance of the subsequent acts of the commissioners. *Dickey v. City of Houston, supra.* He was chargeable with notice that it was the duty of the commissioners to make an award and to file and return it as provided by law, and that the judge would cause it to be entered in the minutes as the judgment, unless timely objections were filed. *Dickey v. City of Houston, supra* 501 S.W.2d at 294. No actual notice to him being required, and, as we have found, the award being properly filed with the judge, it therefore follows that appellant was not entitled to prevail in his bill of review action.

Appellant, in support of his proposition that equity demands that he should not be held responsible for the "error of the Agency in its failure to notify him of the award or the error of the County Clerk's office in not having a record of the award," cites *O'Bryan v. County of Harris,* 583 S.W.2d 896 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). We believe his reliance is misplaced. In *O'Bryan,* two questions were presented to the court. First, the contention was made that the appellant was not notified of the date the commissioners award in that proceeding was filed, a lack of which O'Bryan contended deprived him of due process. In disposing of that contention, the court, although critical of the holding, recognized that it was bound by the Supreme Court's determination in *Dickey* that procedural due process is satisfied by notice to the condemnee of the original hearing and, after appearance, a condemnee is charged with notice of subsequent acts of the commissioners. *O'Bryan* at 898.

The second question presented by *O'Bryan* was whether that condemnee's objection to the award was timely filed. In that case, the landowners mailed their objections to the award by certified mail five days prior to the expiration of the twenty day limitation period, but the objections were not received until one day after the expiration of the period. The court held that, since the objections were mailed at a time when it should have been received within the limitation period, they should be deemed to have been timely filed.

We do not believe the court's resolution of either question is favorable to appellant. In the first holding, the court recognized receipt of actual notice of the filing of the award was not required. The second holding dealt with a question not presented here, *i.e.* a reasonable attempt to file objections *within* the limitation period.

Appellant's ground of error is overruled and the order of the trial court refusing the relief sought in the bill of review action affirmed. This action of the court renders any discussion of appellee's cross-point unnecessary.