**Appeal Dismissed; Writ of Mandamus is Conditionally Granted; Opinion Filed July 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00951-CV

**CITY OF DALLAS, Appellant**
**V.**
**HIGHWAY 205 FARMS, LTD., AND**
**MAURICE E. MOORE, JR., Appellees**
**and**
**IN RE CITY OF DALLAS, RELATOR**

**On Appeal from the County Court at Law**
**Kaufman County, Texas**
**Trial Court Cause No. 84262CC**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

This condemnation case involves an appeal and a petition for writ of mandamus that have been consolidated for our review. In both proceedings, the City of Dallas challenges the trial court's dismissal for want of prosecution of its eminent domain proceeding against Highway 205 Farms, Ltd. and Maurice E. Moore, Jr. as well as the denial of its motion to reinstate the matter. For the reasons that follow, we conclude the trial court erred in dismissing the case for want of prosecution because it lacked the subject matter jurisdiction to do so while the case was in the administrative stage and before the case became a judicial proceeding. We further conclude that mandamus relief is appropriate because the trial court clearly abused its discretion by issuing the

void orders. We therefore conditionally grant the mandamus and direct the trial court to vacate its dismissal order and reinstate the case. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

In August 2011, the City filed a statement in the county court at law seeking to condemn a portion of appellees' property in Kaufman County for a raw water pipeline project.[1] At the same time, the City filed a lis pendens on the property in the deed records of Kaufman County. Shortly thereafter, the county court appointed three special commissioners to hear the condemnation proceeding. In October 2011, the county court signed an order removing one of the commissioners and appointing a replacement commissioner.

By early 2013, however, a special commissioners' hearing had still not been scheduled. On March 7, 2013, appellees filed a motion in the county court to dismiss the case for want of prosecution pursuant to rule 165(a) of the Texas Rules of Civil Procedure and the trial court's inherent authority. They argued they were entitled to dismissal because the matter had been pending for eighteen months with no activity and the City had failed to prosecute the case with due diligence. The City responded that because the case was still in the administrative stage of a condemnation proceeding, the trial court lacked subject matter jurisdiction to dismiss the case.

Four days after appellees' motion to dismiss was filed, the special commissioners issued an order scheduling a hearing for May 8, 2013. The county court held a hearing on appellees' motion to dismiss on April 17, 2013 at which time the judge signed an order granting appellees' motion and dismissing without prejudice the eminent domain proceeding for want of

---

[1] Highway 205 Farm, Ltd. is the owner of record of the property and Maurice E. Moore, Jr. has a mineral interest.

prosecution. The City filed a verified motion to reinstate[2] that the county judge denied after a hearing. This appeal and original mandamus proceeding ensued.

## ANALYSIS

In both the appeal and mandamus, the City generally argues that the county court did not have subject matter jurisdiction to dismiss the City's eminent domain proceeding because it was in the administrative phase of the case. The issue of whether a court has subject matter jurisdiction is a question of law. *See Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 865 (Tex. App.—Dallas 2012, pet. denied). After reviewing the record and the relevant case law, we agree with the City.

We begin with the basic principle that an eminent domain action is not within the general jurisdiction of the county court and that any power to act in such a proceeding is derived from the eminent domain statute. *See Pearson v. State*, 315 S.W.2d 935, 937 (Tex. 1958). The Texas Legislature has devised a two-part procedure for an eminent domain action involving first an administrative proceeding, and then, if necessary, a judicial proceeding. *See* TEX. PROP. CODE ANN. §§ 21.001–.103 (West 2004, 2000 and Supp. 2013); *Amason v. Natural Gas Pipeline Co*., 682 S.W.2d 240, 241 (Tex. 1984); *Hixon Family P'ship*, 365 S.W.3d at 865–86. Only after a party files an objection to the commissioners' award with the trial court does the judicial phase begin and the trial court obtain jurisdiction to hear and determine the issues in the exercise of its judicial powers. *See Pearson,* 315 S.W.2d 937; *Hixon Family P'ship*, 365 S.W.3d at 866. At that point, the commissioners' award is vacated, the trial court obtains full jurisdiction over the case, and it is tried as any other civil cause. *In re State*, 325 S.W.3d 848, 851 (Tex. App.—Austin 2010, orig. proceeding). But without a timely filed objection to the Commissioners'

---

[2] In its motion to reinstate, the City explained the causes of delay which we omit because they are not germane to the dispositive jurisdictional issues we must decide.

award, an eminent domain proceeding never becomes a civil case and the trial court does not gain jurisdiction. *See Dickey v. City of Houston*, 501 S.W.2d 293, 294 (Tex. 1973)(per curiam); *see also In re State*, 325 S.W.3d at 852.

The administrative phase provides a method to quickly award damages without the delays that occur in court proceedings. *In re State*, 325 S.W.3d at 850. During the administrative phase, the statute expressly limits the trial court's authority to appointing the commissioners, receiving their opinion as to value, and rendering judgment based on the commissioners' award. *See Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex. App.—San Antonio 1994, orig. proceeding). The administrative phase is completely separate from any judicial proceeding that may later take place, and the property code does not provide the trial court with authority to oversee an ongoing administrative proceeding. *In re State*, 85 S.W.3d 871, 874 (Tex. App.—Tyler 2002, orig. proceeding). Specifically, the trial court has no authority to control the timing of the special commissioners' hearing as the power to set the time and place of the hearing is expressly delegated to the commissioners. *See Gulf Energy Pipeline Co.*, 884 S.W.2d at 823. Appellate courts have consistently held that trial courts have no authority to grant continuances, abate, enjoin, set, or otherwise interfere with the commissioners' hearings. *See id.*; *see also City of Carrollton v. OHBA Corp.*, 809 S.W.2d 587, 588–89 (Tex. App.—Dallas 1991, no writ); *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 187 (Tex. App—Tyler 1982, no writ). Thus, any such trial court orders purporting to hinder or delay the special commissioners from proceeding with the condemnation hearing are necessarily void and an abuse of discretion. *See Gulf Energy Pipeline Co.*, 884 S.W.2d at 823.

In the case before us, it is undisputed that the eminent domain proceeding was in the administrative phase at the time appellees filed their motion to dismiss. Appellees' motion to dismiss was based, among other things, on the City's inactivity in the case and the failure to

schedule the special commissioners' hearing.  At the time the trial court heard the motion to dismiss, however, the special commissioners' scheduled hearing date was only three weeks away.  The trial court's dismissal was not authorized by the condemnation statute and interfered with the commissioners' ability to set the time and place of their hearing.  Because the trial court does not have jurisdiction in the administrative phase of a condemnation proceeding except for what is provided in the eminent domain statute, any judgment or order made outside of the statutory authority is void. *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 181 (Tex. App.—Tyler 2008, orig. proceeding).   Accordingly, the trial court abused its discretion when it dismissed this condemnation proceeding when there was no judicial case before it.  *See Dickey,* 501 S.W.2d at 294.

In reaching our conclusion, we necessarily reject appellees' contention the trial court had authority to dismiss the case pursuant to rule 165a of the Texas Rules of  Civil Procedure and under its inherent authority over the case.  As noted above, at the time the trial court dismissed the action, there was no judicial case before the court as the matter was still in the administrative phase.  *See Dickey,* 501 S.W.2d at 294.  Accordingly, neither rule 165a nor the trial court's inherent authority can justify the trial court's dismissal of a matter over which it did not have subject matter jurisdiction in the first place.

 Generally, mandamus relief is appropriate only when the trial court clearly abuses its discretion and there is no adequate appellate remedy.  *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004)(orig. proceeding).  But mandamus relief is also appropriate when the trial court abuses its discretion by entering void orders regardless of whether there is an adequate remedy on appeal.  *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000) (orig. proceeding); *Gulf Energy Pipeline Co.*, 884 S.W.2d at 824.  In fact, appellate courts have granted mandamus relief in condemnation cases where the trial court has acted without subject matter

jurisdiction. *See In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181–82 (mandamus granted where trial court was without jurisdiction to enter final judgment containing provisions not in commissioners' award); *In re State*, 85 S.W.3d at 874 (mandamus appropriate where trial court lacked jurisdiction to order the State to pay the commissioners' expenses); *Gulf Energy Pipeline Co.*, 884 S.W.2d at 824 (mandamus appropriate because trial abused its discretion by entering void orders granting continuance of commissioners' hearing and resetting hearing to later date).

## CONCLUSION

We conclude the trial court lacked jurisdiction to dismiss for want of prosecution the eminent domain proceeding while the administrative phase of the case was pending. We further conclude the trial court's dismissal order was a clear abuse of discretion and void. We therefore conditionally grant the mandamus and direct the trial court to vacate its dismissal order and reinstate the case. We are confident that the trial court will promptly comply and our writ will issue only if the trial court fails to do so. Having conditionally granted the mandamus, we dismiss the appeal for want of jurisdiction.

130951F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-13-00951-CV          V.

HIGHWAY 205 FARMS, LTD., AND
MAURICE E. MOORE, JR.,
Appellees

and

IN RE CITY OF DALLAS, Relator

On Appeal from the County Court, Kaufman
County, Texas
Trial Court Cause No. 84262CC
Opinion delivered by Justice Evans,
Justices Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the appeal portion of this consolidated appeal and petition for writ of mandamus is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant City of Dallas recover its costs of this appeal from appellees Highway 205 Farms, Ltd. and Maurice E. Moore, Jr.

Judgment entered this 22nd day of July, 2014.