In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00055-CV

THE STATE OF TEXAS, Appellant

V.

REME, L.L.C., A TEXAS LIMITED LIABILIITY COMPANY, Appellee

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 20-10-12578-CV

## MEMORANDUM OPINION

In this condemnation case, the State of Texas appeals the trial court's judgment adopting the Award of the Special Commissioners. *See* Tex. Prop. Code Ann. § 21.018(a). In a single appellate issue, the State argues that its objections to the Award were timely filed, and the trial court therefore committed reversible error by rendering judgment on the award. Because we hold that the State timely filed its objections to the award, the underlying administrative proceeding was converted

into a judicial proceeding over which we have jurisdiction, and we reverse the judgment of the court below and remand for further proceedings.

## I. Background

As part of a project to widen State Highway 105, the State sought to condemn approximately one-tenth of an acre of land belonging to Appellee REME.[1] According to the applicable statutory procedure, the trial court appointed three special commissioners, who then rendered their award. Tex. Prop. Code Ann. §§ 21.014(a), 21.048(1). The State electronically filed the Award of Special Commissioners into the clerk's record on Friday, April 16, 2021. The following Monday, April 19, 2021, the trial judge received and signed the Award, and the clerk of court then sent the statutory notice of the Award to the State.[2] Tex. Prop. Code

---

[1] Our sister Court explained that Texas has a two-part land condemnation scheme. *State v. Garland*, 963 S.W.2d 95, 97 (Tex. App.—Austin 1998, pet. denied) (citations omitted).

> When a party seeks to condemn land but cannot agree with the landowner, on the value of the property, the condemning authority must file a petition in either the district court or the county court at law. The trial court then appoints three special commissioners, who hold a hearing and file in the trial court an award of damages reflecting their determination of the value of the condemned land. The condemnor must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. Any party who is dissatisfied with the award is allowed a certain amount of time within which to file objections in the appropriate court.

[2] The record does not indicate whether notice was also sent to the landowner, but for purposes of the issue before us that fact does not affect the disposition of this appeal.

2

Ann. § 21.049. On May 14, 2021, the State filed its objections to the special commissioners' award. The Defendant Landowner filed a Motion to Withdraw the Award which was granted by the trial court. On November 1, 2021, the Defendant Landowner filed Defendant's Motion for Entry of Final Judgment arguing the State failed to timely file its objections to the Award from the Special Commissioners and that the trial court had a ministerial duty to enter judgment on the Award. The State filed a response to the Motion for Entry of Judgment and argued it timely filed the objections. The trial court agreed with the Defendants and entered judgment on the award in favor of REME. This appeal followed.

## II. Standard of Review And Applicable Law

This appeal requires that we consider the trial court's interpretation and application of section § 21.018 of the Texas Property Code. Under the Property Code, a party to a condemnation proceeding may object to the findings of the special commissioners by filing written objections "with the court that has jurisdiction of the proceeding." Tex. Prop. Code Ann. § 21.018(a). The objections "must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." *Id*. If a party files an objection to the commissioners' findings, "the court shall cite the adverse party and try the case in the same manner as other civil cases." Tex. Prop. Code Ann, § 21.018(b). When no

timely objections are filed, there is no right of an appeal and the court must enter a judgment on the award. *Id.*

We review matters of statutory construction as questions of law under a de novo standard of review. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). It is presumed that the legislature intended every word used in a statute to be given effect. *Perkins v. State*, 367 S.W.2d 140 (Tex. 1963). After construing the statute, we then determine whether the trial court properly resolved the question in the landowner's favor.

### III. Analysis

The Texas Property Code states that the allowable time frame to file objections to the special commissioners' award begins to run on the date "the commissioners file their findings with the court." Tex. Prop. Code Ann. § 21.018(a). Case authority establishes that this time limit will be tolled if the clerk fails to provide timely notice that the commissioners' award has been filed. *See John v. State*, 826 S.W.2d 138, 140-41 (Tex. 1992); *State v. Garland,* 963 S.W.2d 95, 101 (Tex. App.—Austin 1998, pet. denied); Tex. Prop. Code Ann. § 21.049. In the instant case, the clerk notified the State "[n]ot later than the next working day after the day the decision [was] filed[] with the court." Tex. Prop. Code Ann. § 21.049. Therefore, the outcome of this case hinges on when the commissioners' award was "filed with the court" as expressly stated in in Tex. Prop. Code Ann. § 21.018(a).

4

Section 21.018(a) was adopted by the Legislature in 1983, with an effective date of January 1, 1984. At that time, there was no electronic filing. The commissioners are appointed by the trial court Judge. The special commissioners must be sworn and execute oaths and set the date of the hearing in which the commissioners will hear evidence and arguments of the parties and then the commissioners enter a written decision or award and file the award with the Judge of the court.

Appellee argues that the award was considered "filed" on April 16, 2021, when the proposed order was e-field with the clerk of the court and that the objections were due to be filed on or before May 10, 2021, because e-filing rules provide the filing date as the date the documents was first e-filed with the clerk of the court. *See* Tex. R. Civ. Proc. 21(f) which was adopted in 2014. This rule of procedure is in conflict with the older provision of the law dealing with condemnations found in section 21.018(a) of the property code which was effective January 1, 1984. The concurring opinion filed by our fellow Justice with this case is a model of originalist jurisprudence explaining the original intent of these provisions of the property code relevant to our case today.

Appellee relies on *NA Land Co*. v. State, 624 S.W.3d 671 (Tex. App.—Houston [14th] 2021, no pet.) which is distinguishable from this case. In *NA Land Co.*, the respondent attempted to file the objections timely in order to convert the

administrative proceeding into a trial proceeding (within the statute of limitations).

Because of a filing glitch, the objections were not accepted until after the deadline.

Because the original filing within the deadline stated that the filing was "pending"

prior to the deadline, the court in that case held that the filing was timely as of the e-

filing "pending" date and time.  Our case deals, instead, with whether the actual

award was filed when received by the clerk or when received by the "court." Here,

the commissioners' award was both transmitted to the electronic filing service

provider and received by the clerk at 5:34 p.m. on Friday, April 16, 2021.  However,

it was not received by the court until Monday, April 19, 2021 at 2:39:36 p.m. The

Texas Property Code provides in § 21.018(a) that:

> "A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court."

Tex. Prop. Code Ann. § 21.018(a).

That filing requirement was not accomplished until April 19, 2021.  Under the

Code Construction Act, we must presume that the legislature intended every word

used in a statute to be given effect. *Perkins v. State*, 367 S.W.2d 140 (Tex. 1963).

The phrase "with the Court" must mean filing with the court.  Indeed, above Judge

Laird's electronic signature are the words "filed with me this __ day of _____,

2021."  It is set forth clearly in the document itself:

6

[t]he foregoing decision and Award was filed with me this _____ day of _____, 2021.

> **4/19/2021 2:39:36 PM**
> **[/s/] Laird**
> JUDGE, County Court at Law No. 2
> of Montgomery County, Texas

Counting from April 19, 2021, the 20th day after the filing of the award is Sunday, May 9, 2021. However, the enlargement provision of Texas Government Code § 311.014(b), which excludes Saturdays, Sundays, and legal holidays from the computation period, makes the 20th day Monday, May 10, 2021. *See* Tex. Gov't Code § 311.014(b); *Cohen v. State*, 858 S.W.2d 51, 52 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (citing *State v. Touchy*, 581 S.W.2d 773, 774 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.)). And the Monday following the 20th day after the day the award was filed with the court would have been Monday, May 17, 2021. The State filed its objections on May 14, 2021. The objections were, therefore, timely filed.

## V. Conclusion

The special commissioners' award was filed with the court on April 19, 2021. Therefore, the State's objections to the award, filed May 14, 2021, were timely, and the trial court was required to proceed under the property code to consider the objections in due form. Tex. Prop. Code Ann § 21.018(a). We therefore reverse and remand this case to the trial court for further proceedings consistent with the opinion.

7

REVERSED AND REMANDED.


_____
JAY WRIGHT
Justice

Submitted on May 1, 2023
Opinion Delivered July 27, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

8

## CONCURRING OPINION

I concur in the result reached by the majority but write a concurring opinion to further explain why I join the majority.

The question before us is whether the State of Texas timely filed objections to the special commissioners' award. In one issue, the State asserts that the trial court erred when it determined that the State had not timely filed its objections to the award, adopted the award, and rendered final judgment. *See* Tex. Prop. Code Ann. § 21.018(a). If no timely objections were filed, there is no right of an appeal, the trial court had but one task and that was to enter judgment based upon the commissioners' award, and we must dismiss this case for want of jurisdiction. *See id.* § 21.061; *John v. State*, 826 S.W.2d 138, 141, n.5 (Tex. 1992) (citing *Pearson v. State*, 315 S.W.2d 935, 938-39 (Tex. 1958) (discussing Section 7 of Art. 3266, the predecessor to section 21.061)); *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180-81 (Tex. App.—Tyler 2008, orig. proceeding). If timely objections were filed, the award of the special commissioners is vacated, the administrative proceeding converts into a judicial proceeding, and it should be tried in the County Court at Law in the same manner as any other civil matter. *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006).[3]

---

[3] The objecting party must also secure service of citation on the adverse party and try the case in the manner of other civil causes. Tex. Prop. Code Ann.

According to the applicable Property Code provisions, in a condemnation action during the administrative phase, the trial court appoints the special commissioners, who then set and hold a hearing and render findings in an award or decision. *See* Tex. Prop. Code Ann. §§ 21.014(a), 21.048(1).[4] Here, the special commissioners' hearing was held on April 14, 2021. The State thereafter electronically filed a cover letter addressed to the clerk, stating "[p]lease find enclosed the *proposed* Award of Special Commissioners to be presented to the Judge for consideration and signature[,]"[5] and it requested the clerk "notify all parties of the filing and signing of this Award with the Judge of this Court." It is undisputed that the cover letter and attachment were electronically filed into the clerk's record at 5:34 p.m. on Friday, April 16, 2021. The e-filed attachment included blanks for the amounts to be paid the special commissioners and a section to be filled out by the Judge of the Trial Court. On Monday, April 19, 2021, the Award was then filed with the judge of the court who then signed the Award, and the blanks for the fees to be awarded to the commissioners were filled in, the Judge declared when the

---

§ 21.018(b); *see also Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984).

[4] The predecessor statutes, Vernon's Annotated Civ. Statutes Art. 3264 (part) and 3266, Par.2. were included in the Civil Statutes in 1925. According to the Historical and Statutory Notes to the Texas Property Code, the procedures outlined therein were also previously part of the Revised Civil Statutes of 1879, art. 4202, and of Revised Civil Statutes of 1895, art. 4468.

[5] Emphasis in original.

10

Award was filed with her, and the Judge instructed the clerk of court to forward the notice as required under section 21.049. *See id.* § 21.049. The part completed on April 19, 2021, appears on page four of the Award, and it includes the following—

> Fees due Special Commissioners as set by the Court:
> $ 150.00 to *T[] M[]* 1 hours
> $ 1350.00 to *C[] P[]* 9 hours
> $ 1350.00 to *K[] O[]* 9 hours
> $ 1350.00 to *J[] M[]* 9 hours
>
> The Clerk of this Court is hereby ORDERED to notify all parties or their attorneys of record, as listed in Exhibit "B" attached hereto, of the filing date of this Award by certified mail, return receipt requested, at their addresses of record pursuant to SECTION 21.049, TEXAS PROPERTY CODE.
>
> The foregoing decision and Award was filed with me this the 19th day of April, 2021.[6]
>
> [/S/]_____
> JUDGE, County Court at Law No. 2
> of Montgomery County, Texas

The clerk of court then sent the statutory notice of the Award to the State, with a cover letter referencing the date of April 19, 2021. On May 14, 2021, the State filed its objections to the special commissioners' award. Thereafter, the State deposited the amount of the Award into the registry of the court, and REME, the defendant landowner, then filed a Motion to Withdraw the Award which was granted by the

---

[6] The blanks on the form were filled out and expressly state when the Award was "filed with" the judge on "4/19/21 2:30:36 PM" which appears above the judge's signature. At the bottom, there is also a Minute Entry for the same date.

11

trial court. On November 1, 2021, REME filed Defendant's Motion for Entry of Final Judgment arguing the State failed to timely file its objections to the Award from the Special Commissioners and that the trial court had a ministerial duty to enter judgment on the Award. The State filed a response to the Motion for Entry of Judgment and argued it timely filed the objections. The trial court agreed with the Defendant and entered judgment on the award in favor of REME. This appeal followed.

We review matters of statutory construction as questions of law under a de novo standard of review. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Under the well settled principles of statutory construction, we begin with the statutory language itself. *Id*. Our primary goal is to give effect to the Legislature's intent, and we turn first to the plain meaning of the words and terms chosen. *Id*.; *Owens & Minor, Inc. v. Ansell Healthcare Prods., Inc.*, 251 S.W.3d 481, 483 (Tex. 2008) ("[I]t is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent."). We presume that every word in a statute was chosen by the legislature for a purpose. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 628 (Tex. 2008). When a term is not defined in the statute, we give the term its ordinary meaning--within the context of the statute, not in isolation. *Guitar Holding Co., L.P. v. Hudspeth Cty. Underground Water Conservation Dist. No. 1*, 263 S.W.3d 910, 915-16 (Tex. 2008). When the legislature

12

uses a particular term in one section of a statute and excludes it in another, we must give the term meaning where used and must not imply it where it was excluded. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 859 (Tex. 1995); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

When the Legislature adopted the Property Code, Chapter 576, Senate Bill No. 748, the Legislature stated it was "an Act relating to adoption of nonsubstantive revisions of the statutes relating to property." After each section in "Chapter 21. Eminent Domain" of the Property Code, the annotations reference relevant sections of the former Civil Statute. Specifically, in section 21.018, "Appeal From Commissioners' Findings[,]" the annotation references "V.A.C.S. Art. 3266, Par. 6; Art. 3266a, Secs. 2 (part), 3 (part), 5(a) (part), 5(b) (part)."

When examining whether the recodification made a substantive change and whether the general statement of legislative intent holds true, we must determine whether section 21.018 is "unambiguous[ly]" different from its predecessor, such that it "cannot be reconciled with prior law." *See Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex.1999); *First Cash, Ltd. v. JQ-Parkdale, LLC*, 538 S.W.3d 189, 199 (Tex. App.—Corpus Christi 2018, no pet.).

Generally, if the statutory language is clear and unambiguous, we interpret its words according to their plain and common meaning unless that interpretation would lead to absurd results. *Barshop v. Medina Cty. Underground Water Conservation*

13

*Dist.*, 925 S.W.2d 618, 629 (Tex. 1996). When a statute's language is unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids. *City of Rockwall*, 246 S.W.3d at 626; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). In ascertaining legislative intent, we consider the plain statutory language in the context of the entire act, as well as the objective of the statute, its history, and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023(1), (3), (5); *City of Rockwall*, 246 S.W.3d at 626 n.6; *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998).

The Texas Property Code states that the allowable time frame to file objections to the special commissioners' award begins to run from the date "the commissioners file their findings *with the court*." Tex. Prop. Code Ann. § 21.018(a) (emphasis added). Case authority establishes that this time limit may be tolled if the clerk fails to provide timely notice to the parties that the commissioners' award has been filed. *See John*, 826 S.W.2d at 140-41; *State v. Garland,* 963 S.W.2d 95, 101 (Tex. App.—Austin 1998, pet. denied).

The statutory eminent domain procedure, as outlined in Chapter 21, grants the judge of "a court in which a condemnation petition is filed or to which an eminent domain case is assigned" the administrative jurisdiction to appoint three special commissioners, to receive the special commissioners' decision, and to then render judgment on that decision. *See* Tex. Prop. Code Ann. § 21.014(a); *Gulf Energy*

14

*Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex. App.—San Antonio 1994, no writ). The special commissioners set the date of the hearing in which the commissioners will hear evidence and arguments of the parties and the Special Commissioners then make written findings in an award or decision. Tex. Prop. Code Ann. §§ 21.014(b), 21.048. According to section 21.018(a), the commissioners shall file their "findings" or award "with the court."

One of the resources sometimes used in condemnation proceedings is *Rayburn on Condemnation*, last published in October of 1998. A two-volume set, the treatise contains forms for use in condemnation proceedings, including Form 622[7] styled "Award of Special Commissioners." At the bottom of that form is a statement that reads,

> The foregoing Award of Special Commissioners was filed with me this ___ day of _____, 19___.
>
> _____ _____
> Judge, County Court at Law
> _____County, Texas

Vol 1, Madison Rayburn, *Rayburn on Condemnation* § 6.54 (Oct. 1998 ed.).

---

[7] Similarly, Form 16 has language at the bottom of the form Award of Special Commissioners that states

The following award was filed with me on _____, 19____.

Judge _____(Signature)
Court_____

Vol. 1, Madison Rayburn, *Rayburn on Condemnation* Report 7.xxxvi (Oct. 1998 ed.).

Here, the "*proposed* Award" the State sent to the Court had the same language at the bottom as that contained in Form 622. In this case, the hearing before the special commissioners was held on April 14, 2021. The record reflects that the State e-filed a Letter with the clerk of court and referenced therein a "*proposed* Award" and in the Letter the State asked the clerk of court to present the "*proposed* Award" to the Judge for consideration. The attached "Award" reflected it was docu-signed by each commissioner on April 14, 2021. However, page four of the Award expressly required further entries. Specifically, someone had to fill-in the fees to be paid to the commissioners, the trial judge had to state when the Award was filed with her, and the trial judge then had a section to sign. The Award that was signed by the trial Judge contains the following language:

The costs of this proceeding are adjudged against the State of Texas. Such costs are to be paid to the District Clerk of Montgomery County, Texas.

The costs which have accrued to date are as follows:

Fees due Special Commissioners as set by the Court:
$ 150.00[an empty blank in the filing made by the State on 4/16] to
*T[] M[]* 1 hours
$ 1350.00 [an empty blank in the filing made by the State on 4/16] to
*C[] P[]* 9 hours
$ 1350.00 [an empty blank in the filing made by the State on 4/16] to
*K[] O[]* 9 hours
$ 1350.00 [an empty blank in the filing made by the State on 4/16] to
*J[] M[]* 9 hours

The Clerk of this Court is hereby ORDERED to notify all parties or their attorneys of record, as listed in Exhibit "B" attached hereto, of the

16

filing date of this Award by certified mail, return receipt requested, at their addresses of record pursuant to SECTION 21.049, TEXAS PROPERTY CODE.

The foregoing decision and Award was filed with me this the <u>19th</u> day of <u>April [the date was blank in the filing made by the State on 4/16]</u>, 2021.

[Signed by the Judge on 4/19]
JUDGE, County Court at Law No. 2
of Montgomery County, Texas

The Judge filled in the last section of the Award and expressly stated therein that the Award was filed with her on Monday, April 19, 2021, at 2:39:36 p.m., and the Award was also entered into the official Minute Entry book on April 19, 2021. The clerk of court then sent a copy of the Award by certified mail return receipt requested to the State of Texas on April 19, 2021, with a cover letter stating, "Please find enclosed, a copy of the Award of Special Commissioners, signed the 19th day of April, 2021, by the Honorable [], Judge of the County Court at Law #2 of Montgomery County, Texas."

The Texas Property Code provides in section 21.018(a) that:

A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds *with the court that has jurisdiction* of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings *with the court*. [emphasis added]

Tex. Prop. Code Ann. § 21.018(a).

17

The legislature did not include a definition of "with the court" in the Property Code.[8] That said, section 21.018(a) is not the only section of Chapter 21 of the Property Code that uses that phrase or the concept of something being filed "with the court." In section 21.048, styled "Statement of Damages and Costs," after the commissioners have assessed damages they shall,

> (1) make a written statement of their decision stating the damages, date it, sign it, and file it and all other papers connected with the proceeding *with the court* on the day the decision is made or on the next working day after the day the decision is made; and
> (2) make and sign a written statement of the accrued costs of the proceeding, naming the party against whom the costs are adjudged, and file the statement *with the court*.

Tex. Prop. Code Ann. § 21.048 (emphasis added). Sections 21.018(a) and 21.048 were both previously part of articles 3265(5) and 3266(6) of the Texas Revised Civil

---

[8] Under Rule 74 of the Texas Rules of Civil Procedure, "Filing With The Court Defined," the Supreme Court states:

> The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

Tex. R. Civ. P. 74. Because the Award from the commissioners is filed with the court during the administrative phase of a condemnation proceeding, Rule 74 is not controlling. *See generally City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) ("Upon the filing of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding."); *Rayburn v. State*, 356 S.W.2d 774, 774 (Tex. 1962) (the statutory time period for filing an objection to a condemnation award is not enlarged by Rule 4 of the Texas Rules of Civil Procedure because the proceeding is administrative in nature).

Statutes. In article 3265(5), the legislature required the commissioners' decision and all papers connected with it to be filed "with the county judge."[9] Under the predecessor statute, the filing of the award with the *county judge* is what "trigger[ed] the twenty-day limitation period within which to file objections to the award." *See Lemmon v. Giles*, 342 S.W.2d 56, 60 (Tex. Civ. App.—Dallas 1960, writ dism'd); *Whetstone v. Urban Renewal Agency*, 655 S.W.2d 357, 359 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.). In receiving the filing of the papers, the judge acts in an administrative and not a judicial capacity. *Id.*

Under the Texas Property Code provisions pertaining to condemnation, the trial judge continues to act in an administrative capacity until timely objections are filed. *See Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984); *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 181 (Tex. App.—Tyler 2008, original proceeding). Like the predecessor statutes, Chapter 21 continues to delegate to the judge of the trial court with jurisdiction administrative duties that must be completed by the judge once the findings of the commissioners have been filed "with the court."

---

[9] Article 3265(5) of the Texas Revised Civil Statutes contained the following language:

"When the commissioners have assessed the damages, they shall reduce their decision to writing, stating therein the amount of damages due the owner, if any be found to be due, and shall date and sign such decision and file it together with all other papers connected with the case promptly with the county judge."

*See* Tex. Prop. Code Ann. § 21.049. And, like the predecessor statute, it is the filing of the findings of the commissioners "with the court" that triggers the beginning date of the twenty-day period. So, the declaration by the legislature that the enactment of the Property Code, Chapter 576, Senate Bill No. 748, was "an Act relating to adoption of nonsubstantive revision of the statutes relating to property," along with the language in the expressly referenced predecessor statutes, and reading Chapter 21 as a whole, an argument might be made that "with the court" is consistent with the language in the predecessor statue that stated it would be filed "with *the county judge*" and also consistent with the administrative phase of the condemnation procedure outlined in Chapter 21.

That said, I conclude on the record now before us we need not decide whether the phrase "with the court" can be reconciled with the predecessor statute nor must we conclude that "with the court" necessarily means "with the judge" or includes "with the clerk of court" because the letter and "*proposed* Award" that the State e-filed with the clerk of the court on Friday, April 16, 2021, merely asked the clerk to present a "*proposed* Award" to the Judge and the "Award" that was attached contained incomplete information for costs, and a section of the Award expressly required the trial Judge to insert the date of when it was "filed with the court."

On Monday, April 19, 2021, the Award was presented to and filed with the trial judge, the trial judge filled in the date the Award was filed with her, an amount

20

for the fees to be paid each of the commissioners was added to the cost section of the Award, and the trial judge signed the Award and instructed the clerk of court to send notices pursuant to section 21.049. Further, April 19, 2021, is the same date referenced in the clerk's cover letter sending notices pursuant to section 21.049.[10] So, under the specific facts in this case, I agree with the Majority that the twenty days in this case should have been calculated from April 19, 2021, not April 16, 2021. Therefore, the objections were timely filed.

_____
LEANNE JOHNSON
Justice

Concurrence Delivered July 27, 2023

---

[10] The trial court judge stated in her Final Judgment that "the special commissioners rendered their decision and Award in writing and filed the Award with the judge of this Court on April 16, 2021." The trial court also stated that, "It appears to the Court, and it is so found, that no objections to the Award or decision were filed within the time provided by law and that said Award has been filed with the Clerk of this Court." The statement in the Final Judgment finding that the Award was filed with the judge of the court on April 16, 2021, is contrary to the documents on file in the record which confirm the Award was not filed with *the judge* of the trial court until April 19, 2021.